## In re W. H. Blumer & Co., Bankrupts.*

*(District Court, E. D. Pennsylvania.* May 3, 1882.

1. BANKRUPTCY—PARTNERSHIP—JOINT AND SEPARATE ASSETS—COSTS.

Where the members of a firm are adjudicated bankrupts, the costs of the proceeding must, under section 36 of the bankrupt act, (section 5121, Rev. St.,) be apportioned *pro rata* between the partnership and separate estates; and if, after deducting the portion of the costs chargeable to the partnership estate, there is any balance of partnership assets, however small, the partnership creditors will not be entitled to share *pari passu* with the separate creditors in the distribution of the separate estates.

2. SAME.

*Semble,* that if there are partnership assets the fact that the assignee, in a vain attempt to realize more, incurs costs larger than the amount of such assets, will not entitle the partnership creditors to share with the separate creditors in the distribution of the separate estates.

This case came before the court upon the report of the register as to the assets belonging to and the costs chargeable against the joint and separate estates of the bankrupts respectively. His report showed the following facts:

William H. Blumer, Jesse M. Line, and William Kern, individually an[d] trading as William H. Blumer & Co., were adjudicated bankrupts. Th[e] amounts realized from the respective estates were as follows:

| | | |
|---|---|---:|
| From the partnership estate, | | $ 3,438 51 |
| " separate estate of W. H. Blumer, | | 15,122 44 |
| " " " J. M. Line, | | 51,951 14 |
| " " " W. Kern, | | 23,327 32 |

All of the estates were insolvent.

The partnership creditors claimed that against the $3,438.51 realized from the partnership assets should be set off the following amounts:

| | |
|---|---:|
| Costs of clerk, marshal, register, assignee, etc., in the bankruptcy proceedings, | $4,777 06 |
| Costs of proofs of debt against the joint estate, | 1,358 00 |
| Judgment in favor of the United States against the partnership, entitled to priority of payment, | 796 31 |
| | $6,931.37 |

As this would more than exhaust the partnership estate, they claimed that the case was to be treated as if there were no partnership assets, and that they should share in the separate estates *pari passu* with the separate creditors. This claim was resisted by the latter. It appeared that the large amount of the costs was owing to the fact that various circumstances—including, especially, the imperfect condition of the bankrupts' books—rendered necessary a protracted examination for the purpose of obtaining information with

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

regard to the condition of the bankrupts' affairs; and that, although this examination did not result in any increase of the assets, yet it was, in the opinion of the register, necessary and proper. It also appeared that the only portion of the costs which could be specifically charged to the realization of the partnership assets received was the assignee's commission, viz., $49.68.

*W. D. Luckenbach* and *T. B. Metzger*, for assignee.

*John D. Stiles, Edward Harvey, R. E. Wright, Jr., P. K. Erdman, R. C. McMurtrie,* and *John Rupp*, for creditors.

BUTLER, D. J. Important questions discussed by counsel, (respecting the effect of section 36 of the bankrupt act,) may be passed, in this case.

Where joint and separate assets are realized, and may be distributed to creditors of the respective estates, it cannot, of course, be doubted that the rule of "joint to joint, and separate to separate," applies. In this case joint as well as separate assets were realized. More than $3,000, over the cost of realization, were received by the assignee. A part of this we think might have been distributed to creditors. If it had been, or the account had been closed with the sum in hand, it is not pretended that the joint creditors could share in the separate estates. Can it be that an expenditure of the money on their account, in a vain (though doubtless proper) endeavor to obtain more, changes the rule of distribution? Such a view would seem unreasonable; and especially so in this case, where the money was expended in a fruitless effort to transfer to them the exclusive enjoyment of the very property now in controversy. Although defeated in this, the money was very profitably spent, for the joint creditors, if by such expenditure they have acquired a right to share this property. We do not think, however, they have.

But if this were otherwise the provision respecting costs and expenses, contained in the section, (36,) when applied here, leaves a similar balance of joint estate. The assignee is required to "keep separate accounts of the joint stock or property of the copartnership, and of the separate estate of each member thereof, and after deducting from the whole amount received by the assignee, the whole amount of expenses and disbursements, the net proceeds of the joint estate shall be apportioned to pay the creditors of the copartnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors." This requires an ascertainment of the net proceeds of each estate, by means of the deduction specified,—in other words, by apportioning the entire costs to the respective estates *pro rata*,—the only method whereby the provis-

ion can be carried out: *Smith* v. *Smith*, 13 N. B. R. 500. In a majority of cases such apportionment of costs is just and equitable. When applied here, as before remarked, a considerable balance of joint estate is left for distribution. That the percentage to creditors may be inconsiderable is unimportant. The register will therefore deduct the costs and expenses as herein indicated, distributing the balance of joint assets to joint creditors, and of separate assets to separate creditors.

It is proper to say that circuit Judge McKennan, who sat with the district judge, concurs in this opinion.