## In re COOKE.

### (District Court, S. D. New York. March 18, 1901.)

BANKRUPTCY—HEARING OF OBJECTIONS TO DISCHARGE—EVIDENCE.

Testimony of third persons, taken in the course of bankruptcy proceedings, when the bankrupt is present in person or by counsel, and taking part in the examination, is admissible in support of specifications in opposition to his discharge, so far as the same is relevant.

In Bankruptcy. On question certified by referee.

The following is the certificate of the referee:

I, Francis K. Pendleton, one of the referees of said court in bankruptcy, do hereby certify that in the course of proceedings in said cause before me on specifications filed in opposition to the discharge the following question arose pertinent to the said proceedings: Counsel for the opposing creditors offered to read in evidence the testimony of a witness taken before the referee on the first meeting of creditors, and also on an application by the trustee for an order directing the bankrupt to pay over certain funds alleged to be in his possession. The witness whose testimony is offered is the sister-in-law of the bankrupt, and was first examined by certain creditors at the first meeting of creditors, at which time the bankrupt was present, and represented by counsel. Thereafter she was called and produced by the bankrupt on the said application by the trustee, and was cross-examined by the attorney for the trustee. It is her testimony on both occasions that is offered. There is

no dispute that the evidence offered is relevant to the pending. issue. The objection to the same is based on the contention that it is incompetent, as the witness should be recalled and re-examined if her testimony is desired. I overruled the objection, subject to the proviso that, if the attorney for the bankrupt deemed it necessary, the witness be recalled for further examination; to which counsel for bankrupt excepted. It is greatly conducive to convenience and economy to allow testimony once taken to be read in evidence, rather than have witnesses recalled. The witness was examined in the presence of the bankrupt at the first meeting, and was called on his behalf in the proceeding by the trustee. Under these circumstances, and subject to the above proviso, I thought it should be admitted. A proceeding in bankruptcy being somewhat analogous to an equity proceeding, the testimony might be considered general testimony in the cause. The foregoing question is certified to the judge for his opinion thereon.

F. K. Pendleton, Referee in Bankruptcy.

Dated New York, February 18, 1901.

H. Schieffelin Sayers, for creditors.

Harry Levor, for bankrupt.

BROWN, District Judge. Testimony taken under the circumstances above stated, the bankrupt being present, in person or by counsel, and taking part in it, should be admitted so far as relevant. It was so held in Re Wilcox (affirmed Dec. 6, 1900) 109 Fed. 628. Above ruling affirmed.