In re ALPHIN & LAKE COTTON CO.

(District Court, E. D. Arkansas, W. D. August 4, 1904.)

1. BANKRUPTCY—TESTIMONY—ADMISSIBILITY IN SUBSEQUENT PROCEEDINGS.

The testimony of the officers of a bankrupt corporation, taken either under section 7, cl. 9, or section 21a, Bankr. Act 1898, c. 541, 30 Stat. 548, 552 [U. S. Comp. St. 1901, pp. 3425, 3430], and reduced to writing, is admissible against them in a subsequent proceeding by the trustee to require them to surrender money or property of the estate alleged to be in their possession or under their control.

2. SAME.

Testimony of a person other than the bankrupt, or, if a corporation, of a person not an officer or a stockholder of such corporation, taken generally under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], and not directed to any defined issue, is not admissible in subsequent proceedings against the bankrupt, or, in case of a corporation, against its officers, to compel a surrender of money or property of the estate, under penalty of punishment for contempt.

In Bankruptcy. On review of decision of referee.

J. M. Moore and W. B. Smith, for trustee.

Smead & Powell, W. D. Chew, and Campbell & Stevenson, for respondent.

TRIEBER, District Judge. This is a proceeding to review the findings and order of a referee in bankruptcy that E. H. Lake, president and general manager of the bankrupt corporation, which, for convenience, will be hereafter referred to as the cotton company, to pay to the trustee in bankruptcy of the cotton company the sum of $104,987.52 moneys found by the referee belonging to the cotton company, and in his possession or under his control, or, upon failure to comply with this order, that he be punished for contempt. The proceedings were had before the referee on a petition of the trustee in bankruptcy, alleging that the respondents, Lake, J. S. Alphin, and E. H. Smith (Alphin also being an officer in the cotton company, while Smith was in no way connected with the corporation as an officer or stockholder) had in their possession or under their control $250,000 of the moneys of the bankrupt estate, and that they be required to show cause why they should not be required to pay the same to the trustee. Notice of the petition and order to show cause in conformity with the prayer of the petition, specifying the time and place for the hearing, was issued by the referee, and duly served on Lake and Alphin, while the notice on Smith was served on him in the Western District of Arkansas, where he permanently resided and was found. At the beginning of the hearing, Smith entered a special appearance before the referee for the purpose of demurring to the jurisdiction upon the ground that, not being an officer or member of the bankrupt corporation, nor a resident of the Eastern District, this summary proceeding could not be maintained against him in this court upon service made out of the district. This motion to dismiss was by the referee sustained, in an able and well-considered opinion, following the rule laid down by Judge Seaman in Re Waukesha Water Co. (D. C.) 116 Fed. 1009. This ruling of the referee was by the court sustained. The referee also found that the proofs failed to establish the fact that Alphin had any moneys or property of the cotton company in his possession or under his control, which finding was also approved by the court; and the only remaining question to be determined now is the correctness of the referee's finding as to the respondent Lake, whom he finds to have in his possession, of the assets belonging to the cotton company, the sum aforesaid.

One of the issues of law certified to the court by the referee at the request of counsel for respondent is the admissibility of the testimony of Lake, Alphin, and Smith, taken prior to the institution of these proceedings under the provisions of section 7, cl. 9, and section 21a, of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 548, 552 [U. S. Comp. St. 1901, pp. 3425, 3430], and reduced to writing at the time.

The referee admitted the testimony of all the parties against the objections of respondents. Lake and Alphin being officers of the bankrupt corporation, it was their duty, under the law, to prepare and make oath to the schedules of assets and liabilities of their corporation, as corporations can only act through their officers. In fact, for this pur-

pose, and informing the trustee or referee as to the assets of their bankrupt concern, they are the real parties; the word "persons," as used in the bankruptcy act, including "officers of corporations." Section 1 (19) 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]. Their testimony taken under section 7 or 21—they having the right under the act to have the assistance of counsel, at the expense of the estate, if necessary, and an opportunity for cross-examination—was clearly admissible in any proceedings against them, other than criminal, as admissions against themselves. This was expressly decided by the United States Circuit Court of Appeals in Re Wilcox, 109 Fed. 628, 48 C. C. A. 567, 6 Am. Bankr. R. 362. Mr Greenleaf, in his excellent work on evidence, states the rule as follows:

"In regard to depositions, it is to be observed that, though taken informally, yet, as mere declarations of the witness under his hand, they are admissible against him, whenever he is a party, like any other admissions, or to contradict or impeach him when he is afterward examined as a witness." Section 552.

Their evidence was therefore properly admitted by the referee, and his action is approved.

But does this rule apply to the deposition of Smith, who was properly discharged by the referee from the rule to show cause for want of jurisdiction? The court being without jurisdiction as to him, all proceedings were void ab initio, and must be treated as if they had never been instituted. We are therefore called upon to determine whether the testimony of a person other than the bankrupt, or, in case of a bankrupt corporation, not an officer or member thereof, taken and reduced to writing under the provisions of section 21a of the bankruptcy act, before any proceedings to require the parties against whom the testimony is to be used to show cause had been instituted is admissible as evidence in a proceeding of this kind against the bankrupt, or, if the bankrupt is a corporation, against its officers. In re Rosser, 101 Fed. 562, 41 C. C. A. 497, 4 Am. Bankr. R. 153, cited by counsel for respondent, is not in point. All that was before the court and was decided in that case was that a court is without jurisdiction to make an order requiring a bankrupt to pay over moneys of the bankrupt estate found to be in his possession, on evidence obtained in his examination under the provisions of section 7, cl. 9, or section 21a, of the bankrupt act, and, upon his failure to do so, that he be committed for contempt, when he had not been served with notice that the proceedings were for that purpose. The sole ground upon which this ruling was made was that, without notice to the bankrupt of such object, the proceedings are without due process of law, and therefore void. Judge Sanborn, who delivered the opinion of the court, well said:

"It is an axiom of pleading and practice that one may not bring a suit for one cause of action, and recover from another; much less may one recover an order or judgment for money or property without any suit or notice of the claim upon which it is founded. In the case in hand no notice was given to the bankrupt that any hearing would be had upon any claim that he should be required to pay over the $2,500 in controversy before the order to that effect was made. No order to show cause why he should not pay it was made or served upon him before the absolute order for its payment was presented to him. No opportunity was afforded to him to be heard upon the questions it presents. He was cited to appear and be examined under section 21 of the

bankrupt act, and his testimony and that of various other witnesses were taken before the referee upon that citation; but no notice was served upon him that the claim which culminated in the order for the payment of the $2,500 was to be made or was in issue at that examination, or that the testimony there elicited was taken for the purpose of establishing that claim, and no opportunity was presented to him to produce witnesses in his defense, or to be heard upon the issues of fact or of law which the issue of the order involved. Such a proceeding lacks every element of due process of law."

A case practically direct in point is In re Wilcox, supra. In that case the statements of witnesses other than the bankrupt taken upon examination under section 21 were admitted by the trial court upon the hearing of the petition for a discharge of the bankrupt; and this was held on appeal to be error. Judge Shipman, who delivered the opinion of the appellate court, explaining the objects of these examinations, says:

"The testimony of third persons upon these roving attempts at discovery is not directed to a defined issue, and therefore the rules of evidence are not carefully applied, and testimony is liable to be given which is not carefully guarded, and may be unconsciously derived from hearsay. Inasmuch as no issue has been framed, the bankrupt or his counsel cannot always perceive the inferences which may be drawn from the testimony, and therefore will not produce rebutting facts. The danger in using the information which has been thus gathered in one of these fishing excursions as testimony upon which a court can rely in an issue between a bankrupt and his creditors is such as to render its admission inexpedient. It is liable to produce an injustice, and the testimony may therefore be regarded as inadmissible."

If such is the law in a case merely involving a discharge in bankruptcy, how much more in point is it in a proceeding involving not only large sums of money, but the liberty of the bankrupt! It will be noticed from the above excerpt that the serious objection to the admissibility of such evidence is not the fact that there was no opportunity to cross-examine, which in the case at bar was obviated by the order of the referee allowing counsel for respondent to cross-examine the witnesses whose testimony was objected to, but the much stronger reason "that examinations under section 21 are not directed to a well-defined issue, and the rules of evidence necessarily not carefully applied." As a general rule, depositions of witnesses taken in a former suit pending between one of the parties and a party other than the opponent in the last-tried action cannot be read in evidence at the trial of the latter suit, even if there has been cross-examination, nor, for that matter, if the parties to both actions were the same, but the issues involved or objects sought to be attained in the two suits were different —especially if the witness was competent to testify in the last action, and could have been used by the party as such. Tappan v. Beardsley, 10 Wall. 427–435, 19 L. Ed. 974, where Justice Miller said:

"As to Taylor's deposition, the fact that he was a competent witness in the present suit, and could have been used by the plaintiff as such, is sufficient to exclude his deposition in another suit, even if Tappan [the defendant in the last-tried case] had been a party to that suit."

Perhaps, had the record shown that the witness has since died, or has left the country and his place of residence is unknown, has become mentally unsound, or for some other cause it was impossible to secure his testimony, either orally or by deposition, his testimony given at a

former hearing between the same parties, and involving similar issues, might have been admissible; but, as no such showing has been made, it is unnecessary for the court to determine that question in this cause.

The amount involved in this case is not only large, but the testimony is so voluminous, and the expense of obtaining it so great that the court is unwilling to determine it finally without an opportunity to the trustee to obtain the testimony of this witness, whose testimony is of the highest importance, especially as the finding of the referee that this large sum of money is under respondent's control was based largely on the testimony of Smith, and the exhibits filed by him and made a part of his evidence.

The evidence in this case shows that, although millions were handled by respondent within a short time prior to the institution of the proceedings in bankruptcy, no regular set of books was kept by the corporation. Expert accountants had to be employed to construct a set of books from the memoranda made by respondent and his bookkeepers, from the stubs of his checkbooks, the books of a compress company, and the bank of which Smith was cashier. An order will be entered sustaining respondent's objections to the admissibility of the testimony of Smith taken under the provisions of section 21a, and, if the trustee desires, the cause will be re-referred to the referee, or, by consent of parties, the court will hear the cause without a re-reference; and the trustee may have 40 days from the date of the entry of the order herein within which to take the deposition of the witness Smith, upon due notice to respondent or his attorneys. After notice to counsel for respondent that the trustee has completed the taking of Smith's testimony, respondent may have 30 days within which to take proofs confined strictly to rebuttal of the testimony of Smith, and the trustee thereafter have 10 days to take testimony in surrebuttal. If the trustee declines to avail himself of this opportunity to take Smith's deposition, the court is now sufficiently advised to render its conclusions on the evidence before it, disregarding the testimony of Smith, including the exhibits filed therewith, and will do so as soon as advised of the election made by the trustee.