In re WIESEN BROS.

(District Court, E. D. Pennsylvania. February 27, 1905.)

No. 1,749.

BANKRUPTCY—PROCEEDINGS AGAINST BANKRUPT—EVIDENCE.

In a proceeding to compel a bankrupt to pay over money alleged to be still in his hands, the stenographer's notes of the testimony of the bankrupt taken at creditors' meetings called for the general purpose of inquiring into the bankrupt's affairs is admissible, but the testimony given by other witnesses at such meetings is incompetent.

In Bankruptcy. Certificate of referee.

Furth & Singer, for bankrupts.

Edmund B. Seymour, for creditor.

J. B. McPHERSON, District Judge. This certificate presents the question how far the testimony of the bankrupt and other witnesses, taken at the meetings of creditors that are called for the general purpose of inquiring into the bankrupt's affairs, is admissible afterwards in a proceeding to compel him to pay over money alleged to be still in his hands. The referee admitted the stenographic notes of the bankrupt's own testimony, but excluded the testimony of other witnesses, and it is these rulings that are brought up for review. In several cases decided by the federal courts this question has been passed upon, or was perhaps involved. In New York the Circuit Court of Appeals for the Second Circuit decided at first (Re Wilcox, 109 Fed. 628, 48 C. C. A. 567) that the testimony of all the witnesses was competent, and Judge Brown followed this ruling in Re Cooke (D. C.) 109 Fed. 631. But, upon a rehearing of Wilcox's Case, the Court of Appeals reversed its decision in part, and decided that the testimony of third persons was inadmissible, although it continued to hold that the bankrupt's own testimony was competent as an admission against himself. In Re Leinweber (D. C.) 128 Fed. 641, Judge Platt made an order requiring the bankrupt to pay, and apparently considered the testimony of other persons; but the opinion leaves it in doubt whether they were called as witnesses at the creditors' meetings, or directly upon the petition for the order to pay, and it contains no discussion about the competency of the evidence. In re Adler (D. C.) 129 Fed. 502, did not directly raise the question, but Judge Hammond uses some language that seems to intimate that he considered the testimony of all persons admissible:

"The creditors and their trustee in bankruptcy, by the ordinary process of the examination of the bankrupt, and the power to compel all witnesses who have any knowledge of his affairs to come before the referee and be examined in relation thereto, have ample procedure for disclosing all the facts in relation to the bankrupt's affairs which would furnish a foundation for the order on him to pay money into court or to surrender property in his possession to

the trustee. He is in a certain sense ever present in court to answer such demands, and all that is necessary is a simple motion for a rule on him to show cause against the order that is required, and petitions for that purpose are wholly unnecessary."

And finally, in Re Alphin & Lake Cotton Co. (D. C.) 131 Fed. 824, Judge Trieber followed the decision in Re Wilcox, and admitted the previous testimony of certain officers of a bankrupt corporation, while excluding the testimony of a third person.

It is argued on behalf of the petitioning creditor that the testimony of all persons is admissible for the reason given in Wiswall v. Campbell, 93 U. S. 348, 23 L. Ed. 923. In that case, which arose under the bankrupt act of 1867 (chapter 176, 14 Stat. 517), the Circuit Court had affirmed an order of the District Court rejecting the claim of a creditor, and the Supreme Court dismissed the writ of error on the ground that the order was not a final judgment, and was therefore not reviewable. In the course of the opinion the court said, and it is this language that is relied upon:

"The cases are numerous in which it has been decided that we cannot review the action of the Circuit Courts in the exercise of their supervisory jurisdiction under the bankrupt law. * * * The principle upon which these decisions rest is that a proceeding in bankruptcy, from its commencement to its close upon the final settlement of the estate, is but one suit. The several motions made and acts done in the bankrupt court in the progress of the cause are not distinct suits at law or in equity, but parts of one suit in bankruptcy, from which they cannot be separated. As our jurisdiction extends only to a re-examination of final judgments or decrees in suits at law or in equity, it follows that we have no control over judgments and orders made by the courts below in mere bankruptcy proceedings."

Evidently these words are to be read in the light of the question that was then being considered; and as this had no reference to the admissibility of evidence, but was solely concerned with the character of the order that had been made by the District Court, it would be going much too far, in my opinion, to regard them as decisive of the present question, or, indeed, as even applicable thereto. The other cases already cited show, I think, that the weight of authority is in favor of the referee's ruling, and I shall follow them without further discussion.

The decision of the referee is therefore affirmed.