**In re STARK SHOE CO., Inc.**

No. 4752.

District Court, D. New Hampshire.

Oct. 9, 1942.

J. Morton Rosenblum, of Manchester, N. H., for bankrupt.

Charles Tobey, Jr., of Concord, N. H., for creditors.

MORRIS, District Judge.

On February 18, 1942, the Stark Shoe Company, Inc., made a common law assignment to J. Morton Rosenblum, its attorney, An involuntary petition in bankruptcy was filed against the Company June 16, 1942.

Adjudication and reference followed in due course. At the first meeting of creditors, July 23, 1942, the assignee presented his account for services and expenses for which he claimed credit. The Referee disallowed a portion of the account and on July 30, 1942, the assignee filed a petition for a review of his decision. The petition was not granted.

The petition was signed and sworn to but contained no certificate of having mailed a copy to an adverse party. Counsel for a creditor filed objections to granting the petition for review on the ground that the assignee had failed to comply with the provisions of Section 39, Sub. c, of the Bankruptcy Act of 1938, 11 U.S.C.A. § 67, sub. c, in that he did not serve a copy of such petition on the adverse party. August 28, 1942, there was a hearing on the petition for review and the objections thereto. The Referee dismissed the petition because of non-compliance with the provisions of the statute.

On September 2, 1942, the assignee filed a petition for a review of the decision dismissing the first petition for review which was granted.

This petition for review came on for hearing before the Court October 6, 1942. As I view the situation the only question raised on this petition for review is whether or not the Referee erred in denying the first petition because the petitioner did not serve a copy of such petition on the adverse party.

This raises a legal question as to whether or not service of notice of petition for review is substantive or procedural. If that part of the statute is substantive then the Referee's decision is correct. If it is merely procedural, then the Referee erred in refusing to grant the first petition for review.

Numerous cases have been cited by counsel which involve the question of whether or not the Court has power to grant a petition for review after the lapse of ten days when an application for extension of time had not been applied for within the ten days. Upon this point there seems to be a conflict of opinion. Kyser v. MacAdam, 2 Cir., 117 F.2d 232; In re Publix Enterprises, Inc., D.C., 7 F.Supp. 722; In re Leo Albert Parent, D.C., 30 F.Supp. 943.

None of the foregoing cases quite solve the question that is involved in the instant case. The only case that has been called to my attention or that I have read which

squarely presents the issue is that of In re Loring, D.C., 30 F.Supp. 758, 759, in which Judge Brewster held that leave for service might be given after the ten days had expired where a sufficient excuse was shown. That case differs from the instant case in that the Referee found that the delay was excusable. I quote from the opinion: "Assuming, for the purposes of the case, that the statute was not strictly complied with, I find nothing in the Chandler Act [11 U.S.C.A. § 1 et seq.] which would require the court to deny to the aggrieved party his right to review, if the court found that the delay was excusable, as appears to be the case here." All the other cases cited above relate to the time for filing a petition for review.

Judge Brewster's opinion would indicate that that part of the statute requiring service on the adverse party is not jurisdictional for if it were the finding of the referee that the delay was excusable would not have cured the omission.

Rule 9 of the Rules of Civil Procedure for the District of New Hampshire provides that: "When any pleading, motion or other paper subsequent to the bill of complaint is filed, the party filing the same shall endorse thereon a certificate showing that a copy thereof has been mailed or delivered to the attorney of record for each adverse party." This is a rule of court and not jurisdictional.

While I think it is important to hold to a strict interpretation of statutes and rules of court, there are cases wherein it appears that service of notice in accordance with the literal wording of the statute or rules adds nothing to the facts known by the opposing party.

From the reading of the testimony taken at the hearing on August 28, 1942, I find that the petitioner, at the first meeting of creditors on July 23, after hearing the Referee's ruling, announced his purpose of taking an appeal. Between that time and the expiration of the ten days there were conferences between the petitioner and counsel for the objecting creditor, and while I do not find that the matter of a review was the principal subject of discussion, I find that counsel for the objecting creditor knew that a petition for review was in the process of preparation and at the hearing before the Referee on August 28, 1942, he testified that he had not been prejudiced by the seventeen days delay.

That part of Section 39 of the Bankruptcy Act under consideration was inserted to speed up the processes of the bankruptcy court and do away with the necessity of applying for an order of notice and service by a marshal or in some other manner.

I do not find that this part of the statute is so far jurisdictional as to bar the Referee from granting a right of review under the circumstances shown in the instant case.

The assignee presented a petition asking the referee to disqualify himself. This was denied by the referee. This point was not urged in argument before the Court and was very properly omitted. Fish v. East, 10 Cir., 114 F.2d 177, 200.

The Referee erred in denying the first petition for a review. The case is remanded with instruction to grant the same.