## In re WACHTEL.

No. 45692.

District Court, E. D. New York.

Nov. 28, 1945.

230

Alexander W. Kramer, of Islip, N. Y., for Trustee.

Harry A. Davidow, of Patchogue, N. Y. for Jacob Wachtel.

MOSCOWITZ, District Judge.

This is a review of the order of the Referee in bankruptcy invalidating the chattel mortgage held by Jacob Wachtel, son of the bankrupt.

If the papers are complete (I assume that they are), it would appear that a motion was made by the Trustee in bankruptcy, returnable April 16, 1945, before the Referee to declare a chattel mortgage held by Jacob Wachtel to be null and void. This application was based upon the petition of the Trustee. Jacob Wachtel interposed an answer to the petition in which he denied that his lien was invalid. In such answer he asked that the petition be dismissed and "that the lien of this petitioner be declared to be a good and valid lien against the assets described in and covered by the aforesaid chattel mortgage". In addition to submitting an answer he submitted his affidavit which contains the following: "I am entitled to a hearing at which witnesses can be produced".

Evidently the Referee took no proof. He decided the matter based upon the testimony of Otto Wachtel, the bankrupt, at the "first meeting of creditors" held on July 17, 1944, the testimony of Otto Wachtel and Jacob Wachtel at a "hearing on order to show cause and adjourned first meeting of creditors" held on September 11, 1944, and the testimony of Jacob Wachtel and Otto Wachtel at an "adjourned first meeting, hearing on turnover motion" on September 25, 1944.

Jacob Wachtel submitted himself to the jurisdiction of the court as, appar-ently, so far as the record discloses, he did not raise any question as to the propriety of the proceedings upon the return day of the order. He cannot now raise any question concerning that matter; however he is entitled to a hearing at which witnesses are produced. Such a hearing should be had. Testimony of Otto Wachtel, the bankrupt, at the first meeting of creditors should not be considered over the objection of Jacob Wachtel. See In re Wilcox, 2 Cir., 109 F. 628; In re Alphin & Lake Cotton Co., D.C., 131 F. 824; In re Walder, D.C., 152 F. 489; In re Murray, D.C., 162 F. 983.

The matter will be referred back to the Referee.

Settle order on notice.