## LOSEY v. LOSEY.
No. 13260.

United States Court of Appeals,
Ninth Circuit.

May 20, 1953.

Morris Lavine, Los Angeles, Cal., for appellant.

Paul Leiter and Watson G. Thoms, Beverly Hills, Cal., for appellee.

Before POPE, Circuit Judge, and Mc-CORMICK and HARRISON, District Judges.

PER CURIAM.

The appellant, as a creditor, filed objections to the appellee's application for a discharge in bankruptcy. The appeal is from the affirmance of the order of the referee granting the discharge.

The appellant and appellee are husband and wife. A few weeks after their marriage the wife commenced divorce proceedings and those proceedings were still pending at the time of the decision here appealed from. Prior to the marriage the appellee had become indebted to the appellant, and appellant predicated his position as creditor upon his possession of those obligations.

The objections to the discharge were on the grounds of alleged false statements made by the appellee in her schedules or in other statements filed in the bankruptcy proceedings. The contention was that these false statements and false oaths constituted offenses under § 152 of Title 18 U.S.C.A., and hence the discharge should not be granted because of the provisions of § 14, sub. c(1) of the Bankruptcy Act, Title 11 U.S.C.A. § 32, sub. c(1).

We hold that the objections presented a simple question of fact and that we cannot upset the decision of the trial court affirming the findings of fact of the referee who saw and heard the witnesses who testified upon this fact issue. See Dyer v. Mac-Dougall, 2 Cir., 201 F.2d 265, 268, 269.

Appellant also asserts that the Bankruptcy Court was without jurisdiction in this matter since the court in which the divorce proceedings were instituted had first taken over the subject matter of the litigation in its control, citing Ponzi v. Fessenden, 258 U.S. 254, 259, 42 S.Ct. 309, 66 L.Ed. 607. Without considering what effect the divorce proceedings would have upon the power of the court below to determine disputes between the bankrupt and the trustee in bankruptcy or the creditors to the title or right of possession of property, it is clear that no such problem is presented here where nothing but the propriety of the discharge is in dispute.

Affirmed.