Matter of **A. Alan MADWAY** and **Nathan Raynes**, Individually and trading as Washington Lumber & Millwork Co., Bankrupts.

No. 25662.

United States District Court
E. D. Pennsylvania.

Dec. 23, 1959.

Sidney Chait, Goff & Rubin, Philadelphia, Pa., for petitioner.

Miller, Adelman & Lavine, Philadelphia, Pa., for bankrupts.

CLARY, District Judge.

This matter is before the Court on a Certificate of Review taken by a creditor of the bankrupts objecting to their discharge. A. Alan Madway and Nathan Raynes, individually and trading as Washington Lumber & Millwork Company, filed a voluntary petition in bankruptcy on November 28, 1958. Originally appointed as receiver, B. Paul Pillion was thereafter elected trustee by the creditors. The history of the partnership shows that it had been formed in 1946 and in the five-year period prior to July 1, 1957, had operated successfully with an average profit in excess of $50,000 per year. On July 1, 1957, the partnership had a listed inventory in the amount of $306,265.34 and a net worth of $270,527.52. At the date of the filing of the petition in bankruptcy (seventeen months later) the partnership had an inventory of $100,000 and a net deficit in the amount of $295,634.51—thus establishing a gross loss suffered by the bankrupts of $566,162.03 in this 17 months prior to bankruptcy.

The trustee originally filed objections to the discharge on the grounds that the bankrupts had failed to satisfactorily explain the loss of assets as required by § 14, sub. c(7) of the Bankruptcy Act, Title 11 U.S.C.A. § 32. A hearing was held on the trustee's objection. The Referee thereafter filed his opinion and order granting the discharges. He ruled that bankrupts' explanation was "satisfactory" within the meaning of the statute (§ 14, sub. c(7)). That evidence consisted of what might be termed the best evidence of losses in the operation of a business; namely, the books and records of the business supported by the bankrupts' "explanation".

The record indicates that bankrupts' own explanation was given in the first general meeting of creditors. No testimony was adduced by bankrupts at the hearing on the discharge, although Madway was present and available for call by any party. The explanation advanced by the bankrupts was that the partnership engaged in a radical, but unsuccessful, price-cutting promotion in order to meet competition and attract new business. At the same time the bankrupts explained that the partnership was saddled with tremendous fixed operating overhead charges as a result of the operation of three separate places of business, plus extremely high fixed mortgage and lease payments. This combination soon proved fatal to the business.

The petitioning creditor, having unsuccessfully requested the trustee to appeal the Referee's decision, filed an appeal in this Court. He maintains that (1) the facts here (i. e., sudden and substantial depletion of assets immediately prior to bankruptcy) raise a *prima facie* case under § 14, sub. c(7), thus shifting the burden to the bankrupt to come forward with evidence to satisfactorily explain his bankruptcy; (2) the testimony of the bankrupt taken at the general examination and not made part of the record in the discharge hearing cannot be considered by the Referee as evidence in the discharge proceeding; and (3) at any rate the bankrupt has not satisfactorily explained his sudden losses as required by § 14, sub. c(7).

The bankrupts argue (1) that petitioner has no standing to file a petition for certificate of review of a referee's order dismissing the trustee's objection to discharge, since the trustee himself had refused to do so, and (2) he had, at any rate, satisfactorily explained his losses. These contentions will be briefly discussed below.

■ The basis of the right to object to the discharge of a bankrupt is found in Title 11 U.S.C.A § 67, sub. c which provides that, "a person aggrieved by an order of a referee may * * * file with the referee a petition for review of such an order by a [district court] judge * * *." See also Title 11 U.S.C.A. § 32, sub. b. This language is very broad. There are numerous instances in which a single creditor having *originally* objected to the discharge has been allowed to

petition for review under this section. Losey v. Losey, 9 Cir., 1953, 204 F.2d 684; In re Dockins, 7 Cir., 1939, 107 F. 2d 33; In re Hochberg, D.C.W.D.Pa. 1936, 17 F.Supp. 916. Although the section authorizes a trustee to object, this does not take away the right of an individual creditor to independently oppose the discharge. In re Ruhlman, 2 Cir., 1922, 279 F. 250. However, there appears to be no case specifically granting review to an individual creditor where only the trustee originally protested to the discharge and thereafter failed to seek review.

Section 67, sub. c, which was formerly Rule 27 of the Bankruptcy Act, has been liberally construed and is not intended to limit the jurisdiction of the district court. Biggs v. Mays, 8 Cir., 1942, 125 F.2d 693. Rather, it was intended to provide a means for speedy review. In re Stark Shoe Co., Inc., D.C. N.H.1942, 46 F.Supp. 899, and to obviate the need for petitioning the court for permission to seek review, In re Ragozinno, D.C.E.D.N.Y.1941, 37 F.Supp. 524. It in no way affects a district court's discretion to allow such a review where certain provisions of the section have not been met. In re Ragozinno, supra.

The bankrupts' position in this regard (petitioner's standing to proceed here) must be rejected. The plain language of Title 11 U.S.C.A. § 67, sub. c would appear to be broad enough to authorize such a petition. Moreover, the discharge of a debtor is the essence of the Bankruptcy Act and it affects every party to the proceedings. The right of such a party to be heard in such a matter would appear to outweigh any danger of inconvenience or delay to the bankrupt. The same does not appear to hold true with regard to those matters involved in the cases in which the courts have denied the right of a single creditor to petition for review. Had the creditor originally objected to the discharge himself, he could undoubtedly appeal an adverse ruling. Since the trustee agreed to object to the discharge, there was no need for him to do so originally. Therefore, there seems little reason to deny him the right to appeal when the trustee now fails to do so. At any rate, the court has broad discretion in granting permission to file an appeal.

With regard to the question as to whether the referee can consider the testimony of a bankrupt given at the first general meeting of creditors, to sustain an order in a discharge hearing, at the outset it should be noted that there is no dispute as to what the bankrupts' testimony was at the general meeting. Petitioner merely argues that this testimony was not on the record in this discharge hearing. The Referee's opinion states that, "An explanation of a deficit given at the first meeting of creditors need not be repeated at the hearing on an objection to discharge based upon § 14, sub. c (7)." If the Referee meant by this that the testimony need not be read verbatim into the record, he was correct; but if he meant that absolutely no reference need be made to it, his ruling would appear to be error. In re Walder, D.C. Conn.1907, 12 F. 489. See also In re Murray, D.C.Conn.1908, 162 F. 983; In re Sugarman, D.C.E.D.N.Y.1933, 3 F. Supp. 502, 505; In re Wachtel, D.C.E.D. N.Y.1945, 64 F.Supp. 229, 230. However, the law is clear that, if offered, the referee may receive into evidence the testimony given by the bankrupt at the first meeting of creditors. In re Fleischman, D.C.E.D.N.Y.1942, 45 F.Supp. 208; In re Malschick, D.C.Pa.1914, 217 F. 492.

With regard to the question of whether the trustee produced sufficient evidence at the discharge hearing to shift the burden to the bankrupts, the question turns completely on the facts of the particular case. Past authority is of little help. The court in review must accept the Referee's findings of facts as correct, unless they are "clearly erroneous". In re Stalco T.V. & Appliance Co., D.C. S.D.Tex.1955, 129 F.Supp. 490. However, what facts make out a *prima facie* case under § 14, sub. c(7) would appear to be a question of law upon which the district court may pass independently.

See In re Pioch, 3 Cir., 1956, 235 F.2d 903, 905. The same would appear to hold true with the question of whether the bankrupt has thereafter met his burden by a "satisfactory explanation".

The petitioner's objection to the use of testimony taken at the first general meeting of creditors will be rejected. Since there is no dispute as to its content and it could have been introduced if offered into evidence at the discharge hearing, no useful purpose would be served by returning this matter to the Referee for its formal introduction. Moreover, the testimony of Raynes at the original hearing was introduced in full at the discharge hearing by counsel for petitioner. In essence Raynes' testimony stated unequivocally that if he had been asked the same questions as Madway, his answers would be identical. Madway's full testimony was therefore introduced by reference in the discharge hearing.

This is a rather unusual case. Madway and Raynes had been successful business men but they were engaged in a changing and rather precarious business including pre-fabrication of homes. They had to do an enormous volume because of high overhead to make money. When the volume declined they made strenuous efforts to increase it by advertising, radically reducing prices, and in some cases selling below actual cost (loss leaders) to attract business. These efforts failed. Viewing their efforts with hindsight their judgment may be open to criticism. However, they did not attempt to secrete assets, they took no undue salaries, and in fact in the last year turned back to the business (and creditors) $18,000 of the $21,000 they received in salary. High overhead and changing business conditions brought about their downfall.

At the original hearing, Madway explained the different aspects of the business which occasioned the losses. He could not deal with exact figures since he was not the accountant. However, the accountant for the trustee testified fully at the hearing on the discharge that the bankrupts' books were properly kept and the losses were actually depicted by the books. The Referee saw and heard the witnesses. The Court has reviewed the evidence and agrees with the Referee. His decision will be affirmed.