### In re CRENSHAW.

(District Court, S. D. Alabama.   July 5, 1899.)

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—FALSE OATH.
    Where the bankrupt, more than four months before the commencement of the proceedings, had transferred a stock of goods to his wife, and his schedule in bankruptcy stated that he had no assets of any kind, *held*, that such transfer, although it may have been void as to creditors, was valid as to the bankrupt, and, therefore, in the absence of evidence of intentional wrong on his part, his oath to the schedule was not such a false oath as would forfeit his right to a discharge.

2. SAME—SCHEDULE OF DEBTS.
    The bankrupt's omission of a debt from his schedule of creditors will not make his oath to such schedule a false oath, such as to be ground for refusing his discharge, if the omission was caused by mere mistake or inadvertence, or unless it is shown to have been willful and intentional.

In Bankruptcy.   On application of the bankrupt for discharge.

Prince & Prince and J. W. McAlpine, for opposing creditors.

TOULMIN, District Judge.   In this case specifications are filed by several creditors objecting to the discharge of the bankrupt.   The specifications are, in substance—First, that the bankrupt willfully made a false oath relating to said proceeding in bankruptcy when he stated on oath that he had no assets of any kind,—the falsity of the oath being in that he had a stock of goods which was his property, and which should have been scheduled by him as an as-

set, which stock of goods he theretofore attempted to transfer to his wife; and, second, that in his schedule of creditors the bankrupt willfully made a false oath when he scheduled the debt due Finlay, Dicks & Co. to be by note of only $82.34, whereas it should have been by two notes,—one for $82.14, and one for $82.58.

The bankrupt law provides that the application for a discharge, and such proofs and pleas as may be made in opposition thereto, shall be heard, and the merits of the application investigated, and the applicant shall be discharged unless he has (1) committed an offense punishable by imprisonment as provided in the law; or (2) with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained. And the law provides that a person shall be imprisoned upon conviction, among other offenses, of making a false oath or account in, or in relation to, any proceeding in bankruptcy. The charge here, as we have seen, is that the bankrupt made false oaths in rendering his schedules. The evidence shows that the transfer by the bankrupt to his wife was made four months and one week before the filing of the petition in bankruptcy, and there is no evidence of any special concealment about it. While the transfer may have been fraudulent and void in law, and by proper proceedings may have been so declared, and the property transferred secured and subjected by the creditors, or by a trustee for their benefit, to the payment of the bankrupt's debts, yet this does not constitute his oath to the statement that he had no assets a false oath. So far as he was concerned, the transfer to his wife was valid and binding, and he could not impeach it. The property was hers as respects everybody but creditors. The transfer might be shown to be null and void as to creditors, but by the bankrupt law it is not declared to be so, inasmuch as it was made more than four months before the petition in bankruptcy was filed. The oath must have been false in fact. There must have been an intentional wrong in making it. It must have been willful, and for the purpose of concealment and to mislead and defraud his creditors. In the absence of proof of intentional wrong in making the oath, the bankrupt's failing to schedule and deliver up the property for the benefit of his creditors will not bar his discharge, even though the transfer to his wife may have amounted to constructive fraud and have been void as against creditors. In re Warne, 10 Fed. 377; Id., 12 Fed. 431.

The omission from the schedule of one of the notes due Finlay, Dicks & Co. was doubtless an oversight or mistake. From the facts and circumstances, I can see no motive for omitting it and no benefit to be derived by the bankrupt from such omission. His oath to the schedule with this omission, unless it was willfully made, would not, in contemplation of the law, be a false oath. From the evidence and all reasonable presumptions to be drawn therefrom, I must conclude that the omission was unintentional. Under the specifications and evidence, I think the bankrupt is entitled to his discharge, and it is so ordered.