### In re BURROUGHS.

District Court, S. D. New York.

Feb. 11, 1937.

Blatt & Zuckerman, of New York City, for trustee.

Nathaniel H. Mandelker, of New York City, for bankrupt.

Lester Weil, of New York City, for objecting creditor.

PATTERSON, District Judge.

The bankrupt applied for discharge. The trustee in bankruptcy filed three specifications in opposition: That the bankrupt had failed to keep books and records; that he had made false oath in failing to list Florence Burroughs as a creditor; that he had made a transfer with intent to hinder, delay, and defraud creditors. Consolidated Indemnity & Insurance Company, a creditor, also filed a specification, to the effect that the bankrupt had knowingly and fraudulently made false oath in that he had omitted to list in his schedules as a liability certain items owed to that creditor and totaling $846.85. The matter was referred to one of the referees and testimony taken. The original referee having resigned, the case was sent to another referee, under a stipulation that the testimony already taken might stand as the record. The second referee held that the specifications filed by the trustee had not been sustained, but that the specification filed by the Consolidated Indemnity & Insurance Company had been sustained. He therefore recommended that discharge be denied.

The record amply supports the referee's ruling on the trustee's specifications. The only question is whether the referee was right in holding that the specification interposed by the indemnity company had been proved.

It appears that the bankrupt ran a collection agency. He had a number of employees. The indemnity company sent him many accounts to collect. He dunned the debtors and effected quite a number of collections, almost all in small sums. Moneys collected were deposited in his bank account. Some of the amounts so collected were used by the bankrupt in running his business; in other words, certain moneys collected were converted by him. In his schedules the bankrupt listed the indemnity company as a creditor for $1,060.65, representing net collections not paid over to the indemnity company. The indemnity company alleges that the true claim was larger by $846.85, representing other items collected and not paid over, and that the bankrupt knowingly and fraudulently made false oath when he listed the indemnity company as a creditor for $1,060.65 instead of for $1,907.50. The bankrupt testified that he made up the figure of $1,060.65 by going through his files, taking down the collections made, adding them up, and noting the total as the sum owed to the indemnity company; that he believed that $1,060.65 was the total figure owing.

In considering the case made out by the objecting creditor, the initial difficulty encountered is that there is no definite proof that the actual claim was larger than as listed by the bankrupt. The objecting creditor did prove that items that add up to $846.85 had been collected and not remitted, but there is not enough in the record to prove that such items were not among those in the claim set forth in the schedules. But even if the proof were sufficient to indicate that the claim set forth in the schedules was too small, the objecting creditor has not shown facts whereby it may fairly be inferred that the bankrupt's oath was made "knowingly and fraudulently."

■ The false oath that will prevent discharge must be one made "knowingly and fraudulently." Section 14b, as amended. 11 U.S.C.A. § 32 (b), and section 29b, of the Bankruptcy Act 11 U.S.C.A. § 52 (b); In re Slocum, 22 F.(2d) 282 (C.C.A.2). Where a bankrupt omits an asset of substantial value from his schedules, the inference that the omission was fraudulent is not hard to draw; one's immediate reaction is that the omission was deliberate, in the hope of concealing the asset. Where a bankrupt fails to list a liability, it is not so easy to conclude that the omission was made fraudulently. Generally the omission of a liability is to the disadvantage rather than the advantage of a bankrupt, for it may well result in the debt not being discharged. Unless the facts are unusual, the natural inference is that the omission to list a liability in schedules came about through mistake or oversight. In re Crenshaw, 95 F. 632 (D.C.Ala.). See, also, In re Applebaum, 11 F.(2d) 685 (C.C.A.2); Sharcoff v. Schieffelin & Co., 70 F.(2d) 725 (C.C.A.2). The same is true of errors in the description of a listed liability. In re Johnston (D.C.) 2 F.Supp. 443, affirmed 63 F.(2d) 24 (C.C.A.4).

■ Here the bankrupt did not omit to list the indemnity company among his creditors. At the most he set down too small a figure as the amount owing to the indemnity company. The referee thought that the error was deliberate, in order to conceal the conversion of the additional collections. But the items omitted were no more conversions than were the items included in the figure given in the schedules. The bankrupt branded himself a converter when he listed the indemnity company as a creditor for $1,060.65. If it had been his intention to cover up conversions, he would not have listed the indemnity company as a creditor at all. I am unable to draw the inference that the bankrupt knowingly and fraudulently made false oath.

■ I am mindful of the rule that the findings of a referee who saw and heard the witnesses are not to be upset too readily. In this case, however, almost all the evidence had been taken before another referee, and the rule has but slight bearing.

■ The bankrupt makes the further argument that the indemnity company may not oppose discharge because its claim is one that would not be affected by a discharge in any event. Doubtless the claim is one for willful conversion and not dischargeable. But a creditor with a nondischargeable claim may oppose discharge. In re Feuer, 4 F.(2d) 892 (C.C.A.2).

The proof taken did not sustain any of the specifications. The report will be modified accordingly, and the bankrupt will have an order granting discharge.