In re Annie M. MARTIN, a/k/a Annie M. Punn, Debtor.

STATE DEPARTMENT FEDERAL CREDIT UNION, Plaintiff,

v.

Annie M. MARTIN, Defendant.

Bankruptcy No. 80–0004.
Adv. No. 80–0025.

United States Bankruptcy Court, District of Columbia.

July 3, 1980.

Ronald Resh, Rockville, Md., for plaintiff State Dept. Federal Credit Union.

John P. Devers, Washington, D. C., for defendant.

MEMORANDUM OPINION

(Complaint—Objections to Discharge, Section 727(a)(2) and 727(a)(4) of the Bankruptcy Code)

ROGER M. WHELAN, Bankruptcy Judge.

This proceeding involves a complaint filed by the plaintiff, State Department Federal Credit Union, objecting to the discharge of the debtor based on an alleged conduct prohibited by Section 727(a)(2) and 727(a)(4) of the Bankruptcy Code [11 U.S.C. § 727(a)(2) and 727(a)(4)]. Essentially, the plaintiff alleges that a transfer of the debtor's 1977 Pontiac automobile was effected with intent to ". . . to hinder, delay, or defraud creditors . . ." (Paragraph 1 of Complaint); and that certain monies, previ-

ously being paid to this creditor by payroll allotment, were ". . . paid to debtor's attorney after the date of the filing of the bankruptcy petition." (Paragraph 2 of Complaint.) In addition, the creditor alleges that the debtor made a false oath at the initial meeting of creditors by reason of her failing to schedule a creditor (Paragraph 3 of Complaint), and further, gave to the creditor ". . . a promise of payment of money upon which promise said creditor reasonably exercised forbearance . . ." (Paragraph 4 of Complaint.) The debtor filed a general denial to all of the alleged acts and conduct, and further filed a counterclaim for monies paid to the plaintiff Credit Union subsequent to the filing of her petition in bankruptcy. For reasons set forth in this memorandum, the court dismisses the plaintiff's complaint objecting to the debtor's discharge, and grants judgment to the defendant debtor, for the full sum of monies paid to the plaintiff Credit Union subsequent to the date of bankruptcy.[1]

Based on the evidence adduced at the trial hearing, and after assessing the credibility of the witnesses, the court concludes that there is absolutely no basis for denying the debtor's discharge. Firstly, the only evidence adduced at the trial as to a purported transfer ". . . to hinder, delay or defraud creditors" was the impoundment of the debtor's automobile by the D.C. Government for unpaid parking tickets. There was no credible evidence to establish that such a transfer was effected with the requisite intent required under Section 727(a)(2) of the Code. Secondly, the fact that the debtor applied post-petition funds to pay counsel's fees is again no grounds to infer that a fraudulent transfer was effected with the requisite intent required under the Bankruptcy Code. More relevant is the fact that post-petition earnings are specifically excluded from the property of the estate pursuant to 11 U.S.C. § 541(a)(6) and hence are not subject to the creditor's prepetition claims. Finally, there was no evidence adduced that could in any plausible way establish that the debtor made a false oath in connection with the pending bankruptcy case as alleged in paragraph 3 of the plaintiff's complaint. See : § 727(a)(4)(A). The court accepts as credible the explanation tendered by the debtor that the omission of the creditor was inadvertent and was not intended to prejudice any creditor interest. Where a creditor omission in the debtor's schedule is the basis for a false oath, it is particularly difficult for the court to infer fraudulent intent, since there is little to be gained by the debtor from such omission. See : In re *Burroughs*, 18 F.Supp. 921 (D.C.N.Y.1937); 4 *Collier on Bankruptcy* § 727.04 at 727–57 (15th Ed. 1979). The remaining grounds for objecting to the debtor's discharge deal with the purported ". . . promise of payment of money . . ." to the creditor Credit Union, and it is clear that such a promise, assuming arguendo its falsity, is not a false oath ". . . in connection with the case." Section 727(a)(4). The grounds set forth by the creditor in this connection are specifically made a criminal offense by Title 18, § 152 of the United States Code and must, of necessity, relate to the bankruptcy case. Promises made to a creditor, either before or after the filing of a petition in bankruptcy, are not promises under oath and clearly not in connection with the case (4 *Collier on Bankruptcy* § 727.04, at 727–49 (15th Ed. 1979)). It is clear, therefore, that no evidence has been adduced by this plaintiff which would merit the denial of the debtor's discharge in bankruptcy.

The final matter before this court for decision deals with the counterclaim filed by the defendant debtor based on a post-petition deduction from the debtor's wages in connection with a prior allotment in connection with the plaintiff Credit Union obligation. The evidence of record (Defendant's Exhs. 1 and 2) clearly establishes that two deductions ($124.00 per pay period for two pay periods) were effected subse-

---

1. A motion to dismiss, made pursuant to Fed.R. Civ.P. 41(b), was granted at the close of the plaintiff's case based upon the fact that no relief could be granted to the plaintiff under the Bankruptcy Code. See Bankruptcy Rule 741(b).

quent to the filing of the bankruptcy petition and were credited to the share account of the debtor with the plaintiff Credit Union. These post-petition deductions represent earnings which are clearly not property of the estate under the provisions of Section 541(a)(6) of the Bankruptcy Code, and they clearly represent property necessary for the "fresh start" of the debtor. Because the discharge in bankruptcy effectively bars any action or ". . . any act, to collect, recover or *offset* any such debt as a personal liability of the debtor, or from the property of the debtor, . . .", these post-petition earnings are properly property of the debtor and should accordingly be refunded to her.

Accordingly, for the reasons set forth in this Memorandum Opinion, the court concludes that the plaintiff's complaint must be dismissed, with prejudice, and that judgment for the debtor defendant should be entered on the counterclaim in the full sum of $248.00. An order will be entered on this same date by the court.