**Clyde STONE and wife, Ruby Stone, and John Ed Stone and wife, Mary Stone, interested parties, Appellants,**

**v.**

**Joe D. HUFFSTUTLER, Referee in Bankruptcy, Appellee.**

**No. 15542.**

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1955.

Rehearing Denied Dec. 27, 1955.

Marion G. Holt, Nacogdoches, Tex., for appellants.

Ben Goodwin, Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is the second step in the attempt of appellants, as the taxpayers against whom the taxes were originally assessed, to review the order of the referee in Cause No. 3741, denying the claim of the United States against J. E.

Stone Lumber Co., Inc., the bankrupt, based on the contention that the corporation had assumed, and was liable on its assumption for, income taxes assessed against Clyde Stone and J. E. Stone and their wives for the years 1947, 1949 and 1950.

The first step, a petition for review,[1] was filed by the Stones claiming to be "parties in interest affected directly by the order of the referee" and "aggrieved" thereby, within the meaning of Sec. 67, Title 11, U.S.C.A. and considered by the district judge, though the Stones were not parties to the proceeding for the allowance of the claim of the United States and had not filed claims in the bankruptcy proceedings, or otherwise made themselves parties to it, in respect thereto. In his order denying the petition for review, the district judge, reciting that he had considered the petition and had concluded that it should be denied, affirmed, approved and adopted the order of the referee.

Appealing from that order, appellants are here insisting that, though not parties to the cause, they were and are interested parties who will be directly affected by the order of the referee in that they delivered to the corporation all the assets of the partnership, and, in addition, the corporation intended to and did assume the income taxes, and that they were and are entitled to petition for review and to appeal from the order denying their petition.

■ We do not think so. We are, on the contrary, of the opinion that the appellants were not, within the meaning of the invoked section "parties in interest in the execution or enforcement of the order complained of" and were not entitled to petition for review thereof, and that the order appealed from should, therefore, be vacated with directions to the district judge to dismiss the petition for review.

■ It is quite plain, we think, both from the language of the statute itself and from its uniform construction in the cases, that persons not in any way parties to a bankruptcy proceeding in respect of which an order was entered, have no standing or right to petition for its review. Rogers v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 142 F.2d 128. We have been cited to no cases, we have found none holding to the contrary. Neither the decision nor the opinion in Menick v. Hoffman, 9 Cir., 205 F.2d 365, on which appellant relies, is in any respect contrary to this view. There it was held, in respect of a federal tax claim asserted in the bankruptcy estate and disallowed and not ordered paid in course of administration, that because the bankrupt would remain liable for such tax claim despite discharge in bankruptcy, he was a person aggrieved within the meaning of this section and could petition for review.

The same is true of our case of Sheldon v. Waters, 5 Cir., 168 F.2d 483, 484, where it was held that Mrs. Waters, wife of the bankrupt, one of the active parties to the contention before the referee, could petition for review, though she was not joined by her husband, the court stating: "The objection for want of parties is not good".

Neither is there anything contrary to this view in Woodruff v. Heiser, 10 Cir., 150 F.2d 873, at page 874, where the district judge on review reversed the referee and it was held that though the petitioner did not have the right to petition for review of the order, the district

---

1. As shown by the certificate of the referee, on Sept. 4, 1953, J. E. Stone Lumber Co., Inc., a corporation, was, on its voluntary petition in bankruptcy, adjudicated bankrupt and the matter was referred to the referee for administration.

On March 24, 1954, the United States filed a claim for $26,771.96 for income taxes assessed against the Stones.

On Oct. 20, 1954, a hearing was had on the Internal Revenue claim, at which time Clyde Stone testified on behalf of the government.

After the expiration of the time to file claims, the trustee examined all claims filed in the bankruptcy and made his recommendations, including a denial of the Internal Revenue claim.

judge did have the power of its own motion to review the order of the referee allowing the claim. Cf. Heiser v. Woodruff, 10 Cir., 150 F.2d 867.

The appeal, however, will not be dismissed because to do so would be in effect to uphold appellants' right to petition for, and that of the district judge, on their petition, to review the referee's order.

The judgment appealed from is vacated with directions to dismiss, as unauthorized, the petition for review.