In the Matter of CAMP PACKING COMPANY, Debtor.
No. 38435.

United States District Court
N. D. New York.
May 2, 1956.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Bernard Burdick, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for petitioner.

Lusk, Folmer, Ryan & Fenstermacher, Cortland, N. Y., Paul Yesawich, Jr., Cortland, N. Y., of counsel, for Cortland Bank.

Ansell & Natelson, Fayetteville, N. Y., Smith & Sovik, Syracuse, N. Y., of counsel, for Debtor.

BRENNAN, Chief Judge.

The two petitions to review raise essentially the legal propriety of the inclusion of provisions relating to secured indebtedness in a plan of arrangement promulgated by the debtor under the provisions of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. A brief background of facts is set out below.

The petition for arrangement discloses that the debtor is engaged in the wholesale and retail meat business, being the owner of a rather complete slaughtering and processing plant near the City of Cortland, N. Y. The schedules disclose a total of unsecured claims in the amount of $215,609.42 and secured claims in the amount of $153,894.-18. The principal items of secured indebtedness with which we are concerned here is a first mortgage ("Debt now in default") covering the real property consisting of about 34 acres of land and all of the plant machinery, equipment and fixtures of the debtor located upon the real estate above referred to. The Small Business Administration, a U. S. Government agency, and the First National Bank of Cortland are the holders of said mortgage by the reason of their participating interests therein. The amount unpaid on said mortgage amounts to about $132,000. The remaining items of secured indebtedness need not be described since they are not all referred to in the plan and are not essential to the decision.

A proposed plan of arrangement was submitted with the original petition but it need not be discussed since it was superseded by the amended plan which is involved in these proceedings.

The amended plan is unusual in that it contains lengthy preliminary state-

ments preceding the actual proposals numbered 1, 2, 3, 4 and 5 of the plan itself. Such statements recite that the debtor has already made application to the Court to be permitted to sell certain surplus properties which are covered by the mortgage free and clear of the lien thereof. They purport to estimate the sum which can be realized from such sale.

Turning now to the proposals of the plan numbered as above, which are the core thereof, we find that paragraph 3 is the only provision which relates to unsecured creditors. In paragraph 1, it is proposed that the debtor be permitted to sell three parcels of real estate designated as surplus property and one item of personal property also so designated. All of such property is encumbered by the mortgage, above referred to. It is estimated that the total sum of $57,-500 will be realized from such sale and the proceeds are to be applied on the present mortgage debt or used in refinancing to obtain a new mortgage.

It appears that even before the plan was submitted to the creditors and before it was confirmed an application to sell certain parcels of the real estate covered by the mortgage was made to the Referee. The disposition of the application does not appear, but it is apparent that no order of sale was entered. It also appears upon the argument that application was made to deal with or sell certain trucks and equipment also covered by the mortgage. The disposition of the application was held pending the decision of this review.

When the amended plan was presented, and on January 19, 1956, the First National Bank of Cortland and the Small Business Administration sought an order striking from the amended plan all provisions in which the debtor proposed to be permitted to sell real or personal property secured by mortgage or chattel mortgage. Argument was had before the Referee and the application was denied by an order of the Referee dated February 7, 1956. Petition

to review the order is now before this Court.

Application for confirmation of the plan came on before the Referee in accordance with regular procedures. Confirmation was opposed by the holders of the mortgage and others. Argument was had and the plan was confirmed by order of the Referee dated February 17, 1956. Petition to review such order was filed by the Small Business Administration. Said petition urges principally that the plan as confirmed is illegal since it attempts to modify or alter the rights of secured creditors.

The two petitions to review were brought on for argument before this Court and the debtor made a cross motion to dismiss said petitions upon the ground that the Small Business Administration was not a "person aggrieved" within the meaning of Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. The debtor's contention is to the effect that since Chapter XI does not deal with secured debts, any reference thereto in the plan is mere surplusage and that the secured creditor is not "aggrieved" until an order of the Referee is made which in fact interferes with or alters the secured indebtedness.

Reported decisions do not seem to contain an all inclusive definition of the term "a party aggrieved" as used in the applicable statute. A direct interest in the decision appealed from seems to be the favored construction of the statute. (See Collier on Bankruptcy, 14th Ed., Vol. 2, page 1479 and cases cited.) A legal interest in the orders sought to be reviewed appears to be the test approved in our Circuit. In re Realty Foundation, 2 Cir., 75 F.2d 286, at page 288. It would seem that a review is authorized if the party petitioning for same shows that his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed. In re Michigan-Ohio Bldg. Corp., 7 Cir., 117 F.2d 191, at page 193. Here is a secured creditor whose interest in the subject matter is practically conceded by its appearance without objection before the Referee in the matters involving the orders sought to be reviewed. We do not have to theorize as to whether or not its burdens are increased because the record shows that there have been two attempts to deal with property which is encumbered by its security for the mortgage debt. Its rights have been detrimentally affected because it is proposed to alter the security which it holds. No imagination is required to conclude that the value of the assets, consisting of the mortgage debt, is diminished if the security therefor is subject to alteration by the orders of the Referee. It is no answer to say that the secured creditor has obtained an order from the Referee which in substance recites that the plan shall apply only to the unsecured creditors and which in no way applies to the secured creditors of the debtor. This order is only a reiteration of the recognized law which limits the powers of the Court in a Chapter XI proceeding. If such order was intended to clarify the effect of the orders sought to be reviewed, it failed to serve its purpose because of the entertainment of a later application made to sell or deal with a part of the secured property. In any event, the question is one to be resolved by this Court, In re Klein's Outlet, Inc., D.C., 49 F.Supp. 375, at page 377, and there is no hesitancy in finding that the petitioner is a party aggrieved. The motion to dismiss is denied.

Although the question is not raised on this review, it comes to the Court's attention that the petition to review the order of confirmation was not filed within ten days from the date of the order. The Court is not impressed that this matter is one of importance. In the first place, it would seem that if the order of Feb. 7 of the Referee, which refused to strike from the plan the provisions of the secured indebtedness be reversed it would seem that the order of confirmation would fall with it. It also

appears to be accepted law that the Court may review on its own motion orders of the Referee, especially where the question of jurisdiction is involved. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; In re Albert, 2 Cir., 122 F.2d 393.

■ The provisions of the statutes comprising Chapter XI of the Bankruptcy Act clearly indicate that its purpose is to afford relief only as to unsecured debts. Several of those sections are mentioned in In re Potts, D.C., 47 F. Supp. 990.

■ The additional observation may be made that Section 356 of the Bankruptcy Act requires that the arrangement or plan shall include provisions modifying or altering the rights of unsecured creditors. Section 357 sets out eight permissive provisions which may be included in the plan. It follows that all other provisions are prohibited. Jones v. H. D. & J. K. Crosswell, 4 Cir., 60 F.2d 827, at page 828.

Neither Section 356 nor 357 authorizes provisions of a plan which affect secured indebtedness and no decision is cited which supports the inclusion thereof. The following quotation, taken from Securities and Exchange Comm. v. U. S. Realty & Improvement Co., 310 U.S. 434, at page 452, 60 S.Ct. 1044, at page 1051, 84 L.Ed. 1293, seems to be the unchallenged law relative to the question here.

"Under Chapter XI only the rights of unsecured creditors of the debtor may be arranged and this without alteration of the status of any other classes of security holders or of subsidiaries".

Additional authorities are unnecessary and there remains only the question as to whether or not the plan of arrangement here runs counter to the legal principle above expressed.

■ Only a casual reading of the plan is required. Its end is stated to be the ultimate payment of secured and unsecured creditors, so that its proposals must be construed in the light of its expressed purpose. It proposes to arrange the secured indebtedness by splitting the security in accordance with the Referee's order and selling portions thereof and it purports to reserve the right to use the sale price other than in reduction of the secured debt. It contemplates proceedings whereby the secured indebtedness is to be jeopardized by a sale of the securities free from the lien of the indebtedness. It is inescapable that the plan contemplates an alteration of the status of the secured creditors by judicial compulsion. Such provisions are entirely different from an agreement to obtain the consent of the secured creditor to the modification of his rights. Such an agreement seems to be an authorized part of the plan. (Collier on Bankruptcy, 14th Ed., Vol. 8, pages 1077 and 1086.)

■■ It is an ineffective argument that equitable considerations justify the inclusion therein of the proposals under consideration. True, a bankruptcy court is a court of equity but the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act. Guerin v. Weil, Gotshal and Manges, 2 Cir., 205 F.2d 302, at page 304. The orders, sought to be reviewed, must be reversed.

The form in which the plan was prepared, submitted and confirmed, creates a problem as to whether or not it can be saved by the granting of an order striking therefrom all provisions relating to secured indebtedness. Perhaps this is a problem to be solved by the Referee but it may not be amiss to make the observation that the statute appears to contemplate that the plan of arrangement should be limited to proposals rather than to include therein explanatory matters. Any plan which this Court has seen and any forms proposed by text writers appear to be so limited.

■ No evidence was taken by the Referee in the matter of either of the orders under review here. The decision of the Referee was based upon the prior proceedings and upon argument of counsel. Both orders were granted as con-

940

templating matters of law rather than matters of fact. Such dispositions were proper.

The Court finds and concludes that the plan of arrangement contains provisions arranging, altering or modifying the rights of secured creditors, that both orders reviewed should be vacated and the matter remanded to the Referee for further proceedings herein, and it is

So ordered.