In the Matter of TERRACE SUPER-ETTE, INC., By Joseph Balistreri, Bankrupt.
No. 63-361.

United States District Court
W. D. Wisconsin.
May 19, 1964.

Robert K. Aberg, Aberg, Bell, Blake & Metzner, Madison, Wis., for Judge Sachtjen and Mr. and Mrs. Chinetti.

Gilkeson & Koch, Madison, Wis., for William Reiter d/b/a McFarland Dairy.

John C. Fritschler, Jr., Madison, Wis., for referee in bankruptcy and John C. Fritschler, Jr., as trustee in bankruptcy.

RABINOVITZ, District Judge.

Two Orders to Show Cause were heard by this Court on May 11, 1964, in the above matter. One Order was secured by the Hon. William Sachtjen, Judge of the County Court of Dane County, Wisconsin. That Order to Show Cause seeks to have three restraining Orders issued by the Referee in Bankruptcy quashed. The Orders of the Referee enjoined the Sheriff of Dane County, Wisconsin, from holding his sale of certain goods he had seized pursuant to a writ of execution; the Sheriff was further ordered to turn over the property in his possession to the Trustee in Bankruptcy in this matter. Another Order restrained Judge Sachtjen from hearing an Order to Show Cause against the Trustee why the Sheriff should not sell the merchandise in his possession.

A second Order to show cause seeks to have the Sheriff of Dane County enjoined from selling the merchandise in his possession.

At oral arguments on these Orders to Show Cause, other issues were raised by the parties. They included the right to have this Court review the three orders of the Referee because no petition for review was filed within ten days of the date of the complained of Orders; the legal status of the bankrupt as a corporate entity; the validity of a certain chattel mortgage; and the jurisdiction of the bankruptcy court to summarily decide title to the goods held by the Sheriff.

Peter J. and Patricia M. Chinetti obtained a judgment against Joseph Balistreri and a writ of execution was duly issued. The judgment and writ of execution occurred before the petition in bankruptcy was filed. The remainder of the facts seem to be in dispute. The Chinettis and Judge Sachtjen argue that the Sheriff began picking up the goods on the premises on June 19, 1963, after seizing the goods and taking possession of them on June 18, 1963. The petition in bankruptcy was filed June 19, 1963, at 10 a. m.

The Trustee states that the merchandise was removed on the 20th or 21st of June, 1963, pursuant to an execution which took place on June 19, 1963.

The Chinettis are judgment creditors of Peter Balistreri individually. They claimed that the goods seized by the Sheriff were in the possession of Balistreri and not the Bankrupt. William Reiter d/b/a McFarland Dairy is a creditor of the Bankrupt corporation. He seeks to have the Sheriff enjoined from selling the merchandise in his possession.

The Referee issued a restraining order July 3, 1963, which ordered and enjoined the Sheriff from holding a public sale of the goods which he had seized. An Order of the Referee dated October 7, 1963, ordered the Sheriff to turn over the goods then in his possession. The Sheriff has not complied with the Order. The Order of October 28, 1963, restrained the County Court from hearing an order to show cause directed against the Trustee as to why the Sheriff should not proceed with his sale of the merchandise in his possession.

The three restraining orders were issued by the Referee in Bankruptcy without notice to the adverse parties. They were issued upon unsworn petitions, and not upon verified complaints or affidavits. The petitions did not set forth why notice could not be given. The Orders did not specify a time limit for the restraining order. The Orders of the Referee did not state what the irreparable injuries were; why it was irreparable; and why notice could not be given to the adverse parties. No hearing on a preliminary injunction was had for any of the three restraining orders.

The Federal Rules of Civil Procedure, Rule 65(b) provide, in part:

"(b) Temporary Restraining Order; Notice; Hearing; Duration. No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. *Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes,* * * *. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time* * * *."

The General Orders in Bankruptcy, 11 U.S.C.A. following section 53, Order 37, provide:

"In proceedings under the Act the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not *inconsistent with the Act or with these general orders, be followed as nearly as may be.* * * *"

This court is therefore under a mandate to apply the Rules of Civil Procedure, where application may be had without doing violence to the Bankruptcy Act. This is particularly true where the drastic remedy of injunction is employed. The better procedure is that an injunction will issue only after exhaustive inquiry and a clear showing of irreparable injury for which there is no other adequate remedy. No such showing was made in this case.

In In the Matter of California Lumber Corporation, 24 F.R.D. 190 (S.D.Cal.C.D. 1959), the court said, "Rule 65(b) pro-

vides that every temporary restraining order issued without notice 'shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes * * *'. Since the order with which we are here concerned did not by its terms fix an expiration date, it expired after ten days * * *. Since the order has become moot the review is dismissed."

In the California case the bankrupt had been engaged in the operation of a retail lumber yard, which was on leased premises. The physical assets of the business were located on the leased property. The Trustee filed a petition for a restraining order and the Referee without notice, issued an order restraining the lessors and their attorney (the petitioner on review) from instituting any legal proceedings against the Trustee, without an order of the court, interfering with the peaceful possession of the leased premises.

While it is clear that the three restraining orders here in issue have expired, it should be noted that there was a want of jurisdiction on the part of the Referee to issue such orders, even if Rule 65(b) had been fully complied with. *The Referee may not restrain another court.*

Section 1 of 11 U.S.C.A. in part provides:

"(9) 'Court' shall mean the judge or the referee of the court of bankruptcy in which the proceedings are pending; * * *."

"(20) *'Judge' shall mean the judge of a court of bankruptcy, not including the referee;* * * *."

Section 11, sub. a(15) of 11 U.S.C.A., provides:

"(15) Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of this Act: *Provided, however,* That an injunction to restrain a court may be issued by the judge only; * * *."

It is clear therefore, that only the judge of this Court, and not the Referee in Bankruptcy, may enjoin a judge of another court.

A closely related question is whether the prohibition applies to the Sheriff. It does.

In Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293 (1935), the court defined the scope of "proceedings in any court of a State" as used in section 265 of the Judiciary Act, which prohibited a United States court from staying proceedings in any court of a State, except under certain circumstances. The Court said, "That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of *res judicata*. It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceedings supplemental or ancillary taken with a view to making the suit or judgment effective. * * * "

■ The jurisdiction of the court continues until the satisfaction of the judgment. The mere rendition of the judgment does not terminate a court's jurisdiction, because process may issue subsequent to the judgment. See, Ke-Sun Oil Co. v. Hamilton, 61 F.2d 215 at 219, 85 A.L.R. 204 (9th Cir. 1932).

The fact that a petition for review was not filed within ten days from the date of issuance of the restraining orders does not bar review of the actions taken by the Referee. The Chinettis were not directly restrained by the Orders; only the Sheriff and the Judge of the County Court were restrained. Even if the Orders had not expired by their own terms, the provision of 11 U.S.C.A. § 67, sub. c would not apply.

■ The Referee has no jurisdiction to enjoin the Sheriff or the Judge. Further, the Chinettis are not "parties aggrieved" so as to come within the terms of Sec. 67, sub. c. A review is authorized if the party petitioning for the same shows that his property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed. In re Michigan-Ohio Bldg. Corp., 117 P.2d 191 (7th Cir. 1941). The Chinettis are not parties to this bankruptcy proceeding, and as such have no right to review. Stone v. Huffstutler, 227 P.2d 217 (5th Cir. 1955). In the Stone case, the proceeding was on a petition for review of an order of the Referee denying a claim of the United States against a bankrupt corporation, which claim was based on petitioners' contention that the corporation had assumed and was liable on its assumption for income taxes assessed against the petitioners. The District Court denied the relief sought in the petition, and affirmed the Order of the Referee. The Court of Appeals held that the petitioners were not parties in interest in the execution or enforcement of the order of the referee, and were therefore not entitled to petition for review. The Court of Appeals dismissed the petition as being unauthorized. Note that the effect of the decision was to directly increase the financial obligations of the parties found not to be persons aggrieved. The Referee has made no order determining the rights of the Chinettis in the property held by the Sheriff. Hence, no petition for review by a person aggrieved under sec. 67, sub. c is possible.

■ The Orders were issued by a court without jurisdiction to make such orders. Under these circumstances, the defect does not have to be directly attacked, but a direct or collateral attack may be had at any time. Thomas Corporation v. Nicholas, 221 F.2d 286 (5th Cir. 1955).

■ Finally, the limitation in sec. 67, sub. c applies to persons aggrieved and not the district court. Sec. 67, sub. c does not limit this Court, acting within its sound discretion from reviewing petitions for review filed out of time. In Pfister v. Northern Illinois Finance

Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942), it is said "The power in the bankruptcy court to review orders of the referee is unqualifiedly given in Section 2(10)."

Sec. 11, sub. a(10) of 11 U.S.C.A., provides: "Consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings;"

■ This Court, with its power of review over the Referee and the proceedings had before the Referee can direct the Referee to take such action in respect to bankruptcy proceedings as the Court deems appropriate.

The real issue underlying the issuance of the restraining orders and the subsequent complaint thereof is who had possession of the property at the time of the filing of the petition in bankruptcy. Closely related to the possession question is the issue of exactly when the Sheriff seized the goods.

The Referee has not made a finding in respect to whether or not the bankruptcy court may proceed summarily to hear the claim of the Chinettis. The Referee has found that " * * * there is just and substantial issue as to the title of the inventory and stock presently held by the Sheriff of Dane County and having been seized on the premises of the bankrupt herein and that the claim of Peter J. and Patricia M. Chinetti is not colorable nor frivolous."

■ The determination by the Referee did not respond to the fundamental issue. The test for whether the bankruptcy court has jurisdiction to proceed summarily in respect to claims adverse to the bankrupt estate is whether or not the bankrupt had possession of the thing at the time of the filing of the petition for bankruptcy. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944). The question is not title but possession. Coffman v. Cobra Mfg. Co., 214 F.2d 489 (9th Cir. 1954).

■ It is in dispute as to whether Balistreri or the bankrupt had possession and whether, if the bankrupt had possession, said possession was lost by virtue of the levy and seizure by the Sheriff. The Referee should resolve this issue.

At oral argument, the matter of the legal status of the bankrupt as a corporate entity arose. Further, the validity of the chattel mortgage held by McFarland Dairy as a claim against the bankrupt estate has been challenged.

This Court, after fully reviewing the arguments of counsel, and examining the record in the case, is satisfied that the entire cause must be returned to the Referee with directions to the parties and to the Referee to take such action as is directed by this Order.

It is ordered that the three restraining orders issued by the Referee in Bankruptcy on July 3, 1963, October 7, 1963, and October 28, 1963, are hereby vacated.

It is further ordered that the terms of the three restraining orders are hereby reinstated by Order of this Court, and the said Orders to continue until further Order of this Court.

It is further ordered that the Hon. Miles C. Riley, Referee in Bankruptcy, will, within 30 days from the date of this Order, hold sufficient hearings, with notice to all parties, and including Peter J. and Patricia M. Chinetti and Joseph Balistreri, for the purpose of determining:

(1) the legal status of the Terrace Superette, Inc., as a corporate entity, and, if there be no corporation, the effect thereof on these bankruptcy proceedings;

(2) the jurisdiction of the bankruptcy court to determine the conflicting interests in the property now held by the Sheriff of Dane County, Wisconsin, pursuant to the judgment and writ of execution obtained by Peter J. and Patricia M. Chinetti against Joseph Balistreri;

(3) the validity of the chattel mortgage held by McFarland Dairy as a claim against the bankrupt's estate; and

(4) hearing such other issues as may come before the Referee for the proper and speedy disposition of this bankruptcy case.

It is so ordered.