**In re Sam CAPITANO, Sr.**

No. 67–793.

United States District Court,
E. D. Louisiana,
New Orleans Division.

May 10, 1970.

George W. Gill, Jr., New Orleans, La., for bankrupt.

Anthony J. Graffagnino, Metairie, La., for petitioner.

RUBIN, District Judge.

Associates Finance, Inc., here seeks review of the order of the referee granting Sam Capitano, Sr., its debtor, a discharge in bankruptcy. The bankrupt moves to dismiss the petition on various grounds.

## I. WAS THE PETITION TIMELY FILED?

Acting under Section 14(b) of the Bankruptcy Act, 11 U.S.C. § 32, on January 22, 1968, the referee fixed the last day for filing objections to the discharge of the bankrupt at March 25, 1968. On information from the trustee that the bankrupt had failed to comply with certain orders of the bankruptcy court, the date set for the hearing on discharge was extended eight times, the final order fixing it at January 27, 1969. Each such order of extension stipulated that it "in no way extends the time for filing, by creditors, of an opposition to the bankrupt's discharge," but that it did not preclude opposition by the Trustee "for failure [of the bankrupt] to comply with the Court's orders."

Associates failed to file an objection to discharge within the time allowed. Ultimately, after considering the Trustee's objections, the referee granted the discharge. Capitano says that, since Associates did not object timely, it is thereby barred from seeking review of the discharge.

This argument overlooks the difference between an objection to a discharge and a petition for review of an order granting a discharge. Objections must be filed before the discharge is granted; review can be had only after it is granted. The time limit within which a petition for review can be filed is fixed by Section 39(c), 11 U.S.C. § 67, at 10 days *following* entry of the referee's order. The order granting discharge was entered June 23, 1969, and the petition for review was filed July 2, 1969. It was therefore timely.

## II. DOES ASSOCIATES HAVE STANDING TO PETITION FOR REVIEW?

The bankrupt urges that, since Associates neither filed a proof of its claim in the bankruptcy proceedings nor objected to his discharge, it has no standing to petition for review of the order granting it. The statute permits "a person aggrieved" by the order of discharge to seek its review. Section 39(c), 11 U.S.C. § 67. The bankrupt's argument is in effect tantamount to saying that only a creditor who has filed a proof of claim and objections to a discharge can be a person aggrieved.

But nothing in the statute requires it to be so restrictively or so awkwardly interpreted. Its plain words allow objections to be filed by aggrieved persons, without further restricting the

right to those aggrieved persons who have filed proof of claim or who have unsuccessfully objected to a bankrupt's discharge.

 The test of whether a petitioner is a person aggrieved is whether his "property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed," In re Terrace Superette, Inc., W.D.Wis., 1964, 229 F.Supp. 371. "A legal interest in the orders sought to be reviewed" is the formulation used in the Second Circuit. In re Camp Packing Co., N.D.N.Y., 1956, 146 F.Supp. 935.

Whether the petitioning party is a "person aggrieved" is basically a question of fact for the district court, In re Camp Packing Co., N.D.N.Y.1956, 146 F.Supp. 935; Rosehedge Corp. v. Sterett, 9 Cir. 1960, 274 F.2d 286; In re Sunningdale Country Club, 6 Cir. 1965, 351 F.2d 139. In most of the cases making this determination, the controversy has centered on whether the petitioner's injury was a sufficiently direct result of the particular order appealed from.

For example, in Stone v. Huffstutler, 5 Cir. 1955, 227 F.2d 217, petitioners were the owners of the bankrupt corporation. When they incorporated their partnership the corporation assumed their individual income tax liability for certain years. Their attempt to appeal the referee's denial of the government's claim against the corporation for those taxes was denied by the Fifth Circuit, on the basis that they were "not in any way parties to [the] bankruptcy proceeding in respect of which [the] order was entered," 227 F.2d at 218. See also, Rogers v. Bank of America, 9 Cir. 1944, 142 F.2d 128, cited in Stone, supra. In that case the Bank had sued the bankrupt to quiet title to land, the income from which was the estate's sole asset. While that suit was pending, the referee allowed fees to the lawyer who was representing the estate in the property suit. The Bank sought review of the order, contending those fees would be paid out of the rents that it was claiming; the

Court held that, while the order would diminish the property that might eventually be found to belong to the Bank, the authority to petition for review "is granted only to those who have immediate interests in the bankrupt estate as such and does not include those who would be indirectly affected by the order." 142 F.2d at 129.

Several cases hold that a creditor has standing to *object to* discharge, though he has not filed a claim. In In re Ulrich, S.D.N.Y.1937, 18 F.Supp. 919, aff'd 2 Cir., 95 F.2d 1018, the creditor had objected below, and had petitioned the district court for review of the discharge. The court found her a person aggrieved, stating, "The fact that the objecting creditor filed no proof of claim is of no importance. * * * She was listed as a creditor in the bankrupt's schedules, and her status as a creditor was never questioned by the bankrupt." 18 F.Supp. 921. Other cases where petitions were allowed although the petitioners had not filed proofs of claim, for various reasons, include Rosehedge Corp. v. Sterett, *supra*; In re Camp Packing Co., *supra*; In re Dockins, C.A. 7, 1939, 107 F.2d 33; In re Purrier, W.D.Wash. 1947, 73 F.Supp. 418.

This is in accordance with the language of the statute, which seems to authorize "all parties in interest" to object, § 14(b). Factually, the direct injury to property that a creditor would suffer if his debtor were discharged is the same at the initial proceeding and on review. Indeed, a creditor who has not filed proof of claim is more likely to suffer a total loss from the order of discharge than one who has, since the former cannot participate in the bankruptcy distributions.

Nor is the trustee alone the proper person to file the petition. In re Madway, E.D.Pa.1959, 179 F.Supp. 400, a well-considered opinion by Judge Clary, relates to this problem, though it does not indicate whether the petitioning creditor had filed a proof of claim. Judge Clary points out that the reason for allowing only the trustee to appeal

many preliminary orders is the desire for swift and efficient windup of the bankrupt's estate; this same rationale is not applicable to an order of discharge, which "is the essence of the Bankruptcy Act and it affects every party to the proceedings. The right of such a party to be heard in such a matter would appear to outweight [sic] any danger of inconvenience or delay to the bankrupt."

Judge Clary reasoned:

Had the creditor originally objected to the discharge himself, he could undoubtedly appeal an adverse ruling. Since the trustee agreed to object to the discharge, there was no need for him to do so originally. Therefore, there seems little reason to deny him the right to appeal when the trustee now fails to do so. At any rate, the court has broad discretion in granting permission to file an appeal. 179 F. Supp. at 402.

■ The same is true in this case. Associates is a scheduled creditor, who took an active part in all the proceedings including the proceedings on objection to discharge. Clearly, it is directly "aggrieved" by the order of discharge.

## III. MAY THIS COURT RULE ON THE BASIS OF THE EVIDENCE ADMITTED BELOW AND CERTIFIED BY THE REFEREE?

As provided in Section 39(a) (8) of the Act, 11 U.S.C. § 67, the referee has certified that the petition for review was filed in compliance with all formalities, and has transmitted to this court relevant portions of the record below, including transcripts or portions of transcripts of various hearings, memoranda of counsel, and exhibits, along with the referee's own findings of fact and conclusions of law.

■ The bankrupt now protests that this court cannot consider the material thus transmitted, on the ground that it is hearsay. He appears to base his contention on the notion that the district court's consideration of the question is in the nature of a trial "de novo."

Translating this as a "new trial," he suggests the matter must be completely reopened, and all evidence and testimony received anew.

■■ This argument not only misconceives the purpose of the district court's review of the referee's order, as well as the structure and philosophy of the Bankruptcy Act, but it also misapplies the hearsay objection. In reviewing the rulings of the referee, the district court is in effect an appellate tribunal with a broad scope of review, although it must accept the referee's findings of fact "unless clearly erroneous," General Order 47. The many references in the Act and in the General Orders to the court's consideration of evidence relied on by the referee further negate the unusual suggestion that this appellate forum must completely retry the issue. Moreover, as certified judicial records, the material would in any event be admissible as an exception to the hearsay rule.

■■ The bankrupt may be protesting that some of the evidence was originally hearsay, and should not have been admitted or considered by the referee; therefore it should be disregarded by the district court in its review of the referee's findings. General Order 37 makes the Federal Rules of Civil Procedure applicable to bankruptcy proceedings, so far as they are not inconsistent with the specific bankruptcy provisions. Rule 43, Evidence, would therefore apply to the hearing on discharge, although the stringency of the courtroom procedure might be somewhat relaxed in view of the summary nature of the bankruptcy hearings, 2 Collier on Bankruptcy, § 38.04.

In general, neither the decision of the referee nor of the district court should be premised on incompetent evidence. In the instant case, of course, any error of the referee in admitting hearsay was harmless, as he found in favor of the bankrupt; this court, in reviewing those findings, will not base its conclusions on improper evidence.

For all these reasons, the motion of the bankrupt to dismiss the petition for review is hearby denied.

Counsel have ten days to submit further memoranda, if they wish, on the question whether the order granting discharge should be affirmed.