**In re E. C. ERNST, INC., E. C. Ernst Midwest, Inc., E. C. Ernst International Corp., Debtors.**

**Edward P. JOHNSON, Sr., Appellant,**

v.

**E. C. ERNST, INC., E. C. Ernst Midwest, Inc., E. C. Ernst International Corp., Appellees.**

**Arrangement Nos. 78 B 2139, 78 B 2140 and 78 B 2141.**

United States District Court, S. D. New York.

Feb. 11, 1980.

---

Shea Gould Climenko & Casey by Philip R. Mann, New York City, for appellees.

John M. Burns, III by Alan D. Fox, New York City and Hill, Christopher & Phillips by Cherif Sedky and Ronald W. Stevens, Washington, D. C., for appellant.

Hahn, Hessen, Margolis & Ryan and Krause, Hirsch & Gross, New York City, for Creditors' Committee.

Hynes, Diamond & Reidy, New York City, for The Travelers Indem. Co.

Milbank, Tweed, Hadley & McCloy, New York City, for Credit Suisse.

Shearman & Sterling, New York City, for Citibank, N. A.

## OPINION

LLOYD F. MacMAHON, District Judge.

Appellees, E.C. Ernst, Inc., E.C. Ernst Midwest, Inc., and E.C. Ernst International Corp., move to dismiss this appeal by appel-

lant, Edward P. Johnson, Sr., from an order of Bankruptcy Judge Edward J. Ryan, dated June 12, 1979, authorizing appellees, as debtors in possession, to enter into a Loan and Security Agreement (the "Agreement") with the Travelers Indemnity Company ("Travelers") and a bank to be designated later.

Appellees contend that: (1) appellant failed to file a timely notice of appeal; and (2) appellant is not a "person aggrieved" by the challenged order of the Bankruptcy Judge within the meaning of Chapter XI of the Bankruptcy Act,[1] 11 U.S.C. § 67(c), nor a "party" entitled to appeal under Bankruptcy Rule 802(a).

The purpose of the Agreement is to provide financing for the continued operation of appellees' businesses. It provides for loans up to $6,000,000 to the debtors in possession and the issuance by Travelers of additional project bonds up to an aggregate of $25,000,000. These obligations are to be secured by all assets of the debtors' estates. In addition, Travelers will receive an option for all authorized but unissued common stock of E.C. Ernst, Inc.

Appellees filed petitions for an arrangement pursuant to Chapter XI of the Bankruptcy Act on December 1, 1978. Since that time, they have continued their electrical construction and contracting business as debtors in possession of their properties.

Appellant, Johnson, was employed by E.C. Ernst, Inc. from 1938 until June 1978 and served as its chief executive officer and chairman of the board of directors, of which he remains a member. He had filed proof of claims for unpaid compensation against the company in the Chapter XI proceeding in the aggregate amount of $581,926.44.

On May 4, 1977, the debtors applied to the bankruptcy court for approval of the Agreement. The court directed that notice of the application be sent only to the creditors' committee, as permitted by Bankruptcy Rule 11–24. Appellant is not a member of the creditors' committee and consequently received no formal notice of the debtors' application or entry of the challenged order. Mr. Johnson may have been aware of the application, however, since he was present at a meeting of the creditors' committee on May 3, 1979, when the proposed Agreement was discussed.

Citibank, N.A. ("Citibank") and Credit Suisse, bank creditors of the debtors, opposed the application at four hearings held before Judge Ryan between May 29 and June 7, 1979. Judge Ryan granted the application on June 12, 1979. Citibank filed a notice of appeal on June 22, and appellant Johnson filed his notice of appeal ten days later, on July 2, 1979. Citibank subsequently agreed to adjourn its appeal until the Agreement is implemented.

The statute governing our jurisdiction over an appeal from an order of a Bankruptcy Judge is 11 U.S.C. § 67(c), which provides, in pertinent part:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof . . . file with the referee a petition for review of such order by a judge . . . . . Unless the person aggrieved shall petition for review of such order within such ten-day period . . . the order of the referee shall become final."

Our jurisdiction is further defined by Bankruptcy Rule 802(a), which provides, in pertinent part:

"The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed . . . ."

■ Appellees' first argument is that appellant failed to file a timely notice of appeal. Beyond doubt, timely filing is a pre-

---

1. This proceeding in bankruptcy was commenced prior to the effective date of the new Bankruptcy Act, October 1, 1979. Accordingly, all statutory references are to the old Act, former Title 11, United States Code.

requisite to the exercise of this court's jurisdiction.[2]

Appellant filed his notice of appeal on July 2, 1979. This was ten days after Citibank filed its timely notice of appeal and thus satisfies the requirements of Bankruptcy Rule 802(a). Appellees maintain, however, that since the Rule creates a maximum period of twenty days after entry of an order during which a party can appeal, it is an invalid extension of the ten-day limit set by statute, 11 U.S.C. § 67(c), *supra*.

■ There is no question that a Bankruptcy Rule cannot extend the jurisdiction of this court. In *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1940), the Supreme Court held that "authority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction . . . ."[3] Similarly, the enabling legislation which permits the Supreme Court to promulgate Bankruptcy Rules provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right."[4] We confine our analysis, therefore, to the question of whether appellant's notice was timely filed under the statute creating appellate jurisdiction.

■ The purpose of the Bankruptcy Act in providing only ten days within which to file a notice of appeal was to eliminate confusion as to when orders of the bankruptcy court become final.[5] The necessity for finality of the orders of a bankruptcy court has led to dismissal of an appeal for lack of timely filing even where the appellant was not aware of the order's existence.[6]

■ Turning to the language of the statute, we note that appellate jurisdiction of the district court does not depend upon the filing of notices of appeal by *all* aggrieved persons within ten days of the entry of an order of the bankruptcy court. Rather, the finality of an order of the bankruptcy court is effectively suspended under the statute if *only one* aggrieved person files a notice of appeal within the ten-day jurisdictional period. This was accomplished here by Citibank's filing its notice of appeal exactly ten days after the entry of Judge Ryan's order. Since the finality of Judge Ryan's order was thus suspended by Citibank's timely appeal, it would not further the purpose of the statute to require that all parties seeking to appeal also file their notices within the same ten-day period. Rule 802(a), far from enlarging this court's jurisdiction, merely conditions the right of other parties in interest to join in a timely appeal brought by another aggrieved person.

Appellees' second argument is that appellant Johnson is neither a "person aggrieved" nor a "party" within the meanings of the statute and rule, respectively, and therefore has no standing to appeal.

■ Whether an appellant is a "person aggrieved" is a question of fact for the district court.[7] The criterion is whether his "property may be diminished, his burdens increased or his rights detrimentally affected by the order sought to be reviewed."[8] The appellant must also have a "legal interest" in the challenged order to have a right to appeal.[9]

■ We think appellant satisfies these tests. As a compensation claimant who has

2. *In re Great Western Ranches, Inc.*, 511 F.2d 1021 (9th Cir. 1975); *In re W.T. Grant Co.*, 425 F.Supp. 565 (S.D.N.Y.1976), aff'd without opinion, 559 F.2d 1206 (2d Cir. 1977).

3. *United States v. Sherwood*, 312 U.S. 584, 589, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1940).

4. 28 U.S.C. § 2075.

5. *St. Regis Paper Co. v. Jackson*, 369 F.2d 136 (5th Cir. 1966); *In re Beverly Hills Security Investments*, 233 F.Supp. 737 (D.C.Ariz.1964); *In re Steves*, 228 F.Supp. 391 (D.C.Colo.1964).

6. *St. Regis Paper Co. v. Jackson, supra.*

7. *In re Capitano*, 315 F.Supp. 105 (E.D.La. 1970); *In re Camp Packing Co.*, 146 F.Supp. 935 (N.D.N.Y.1956).

8. *In re Capitano, supra; In re Terrace Superette, Inc.*, 229 F.Supp. 371 (W.D.Wis.1964).

9. *In re Realty Foundation*, 75 F.2d 286 (2d Cir. 1935); *In re Camp Packing Co., supra.*

filed a proof of claim in the Chapter XI proceeding, Johnson has as direct a legal interest in the debtors' estate as does a bank or trade creditor who has similarly filed a proof of claim. In addition, his claim may be adversely affected by Judge Ryan's order authorizing the Agreement, since it will radically alter the debtors' capital structure.

Appellees also contend that Mr. Johnson is not a "party" within the meaning of Rule 802(a), because he did not appear in the proceedings resulting in Judge Ryan's order. The statute creating the right to appeal, however, does not require that a creditor appear in the proceeding but only that he be a "person aggrieved" by the challenged order.[10] We have already decided that Johnson satisfies this criterion as a claimant in the Chapter XI proceeding.

Although Rule 802(a) uses the term "party" rather than "person aggrieved" in defining the class entitled to appeal, appellees cite no authority which suggests that the Rule is intended to restrict the class of persons entitled to appeal beyond the standard set by statute. Our reading finds additional support in Rule 928, moreover, which provides that "[t]hese rules shall not be construed to extend *or limit* the jurisdiction of courts of bankruptcy over subject matter." (Emphasis added.)[11]

We hold that appellant has standing to appeal under the Bankruptcy Act and Rules. Accordingly, appellees' motion to dismiss the appeal is denied.

So ordered.

---

**10.** 11 U.S.C. § 67(c), *supra.*

**11.** *See also* 28 U.S.C. § 2075, *supra.*