36 F.3d 582
 Bankr. L. Rep. P 76,101
Randy DEPOISTER, Debtor-Appellant,
v.
MARY M. HOLLOWAY FOUNDATION, an Illinois not-for-profit
corporation, the Estate of Randy M. Depoister, by
James E. Stevens, Trustee, Appellees.
 No. 93-4065.
 United States Court of Appeals,
Seventh Circuit.
 Submitted June 3, 1994.
Decided Sept. 21, 1994.
 
 1
 Thomas A. Green, Barrick, Switzer, Long, Balsley & Van Evera, Rockford, IL, for trustee-appellee.
 
 
 2
 James E. Stevens, pro se.
 
 
 3
 Samuel S. McHard, Stephen T. Fieweger, Katz, McAndrews, Balch, Lefstein & Fieweger, Rock Island, IL, for appellee.
 
 
 4
 Eric C. Redman, Steven J. Halbert, Cohen & Malad, Indianapolis, IN, for debtor-appellant.
 
 
 5
 Before CUDAHY and MANION, Circuit Judges, and GORDON, District Judge.*
 
 
 6
 GORDON, District Judge.
 
 
 7
 The appellant, Randy Depoister, is the debtor in the underlying bankruptcy proceeding from which this appeal stems. He appeals the judgment of the district court affirming the bankruptcy court's approval of the trustee's settlement of the claims made against the bankruptcy estate by the Mary Holloway Foundation ["Foundation"]. Mr. Depoister maintains that approval of the compromise was improper because the procedure followed by the bankruptcy judge in reviewing the proposed compromise was deficient and because the approval lacks a sufficient factual basis. We affirm.
 
 I. FACTS
 
 8
 Two estates are involved in this appeal: (1) the estate created by the death of Mary M. Holloway, and (2) the bankruptcy estate created by the involuntary bankruptcy petition of Mr. Depoister, the former director and president of the Foundation. Before the commencement of his involuntary bankruptcy proceeding, Mr. Depoister was appointed the executor of the estate of Ms. Holloway. Pursuant to the last will and testament of Ms. Holloway, which was executed on September 18, 1985, most of her estate was devised to the Foundation; this included a parcel of real estate consisting of approximately 160 acres referred to by Ms. Holloway as the "home place." The Foundation was formed on September 23, 1985, for various charitable and educational purposes.
 
 
 9
 The first codicil to her will was executed on October 8, 1985. In such codicil, Ms. Holloway stated her desire that the home place real estate not be sold by the Foundation. According to the second codicil to the will, executed on November 10, 1988, Ms. Holloway revoked the first codicil and devised the home place real estate to Mr. Depoister. On April 16, 1991, Ms. Holloway died, and her will and second codicil to the will were admitted to probate in the Lee County, Illinois, circuit court on May 6, 1991.
 
 
 10
 A petition to place Mr. Depoister into an involuntary liquidation proceeding under Chapter 7 of the Bankruptcy Code, 11 U.S.C. Secs. 701-766, was filed on June 5, 1991, in the United States bankruptcy court for the northern district of Illinois, western division. By court order of October 16, 1991, Mr. Depoister was placed into involuntary bankruptcy.
 
 
 11
 On October 15, 1991, the Foundation filed a petition contesting the second codicil of the will in the probate proceeding. The petition alleged that Mr. Depoister, as the director and president of the Foundation and Ms. Holloway's fiduciary, had exercised undue influence over Ms. Holloway in securing the second codicil to the will. The bankruptcy court, by order of February 13, 1992, found that the dispute over the second codicil was a "core proceeding" and that it would exercise jurisdiction over it.
 
 
 12
 In addition to contesting the will, the Foundation filed an adversary complaint against the bankruptcy estate in which it claimed that it had an expectancy interest in the home place real estate under a 1983 pledge agreement. It also claimed that Mr. Depoister had violated the fiduciary duty he owed to the Foundation and to Ms. Holloway. The Foundation sought the imposition of a constructive trust in connection with the home place real estate and a determination under 11 U.S.C. Sec. 541(d) that the home place real estate was not property of the bankruptcy estate.
 
 
 13
 In the adversary proceeding, the Foundation moved to disqualify Edward Maher as the lawyer representing the trustee on the ground that Mr. Maher had a conflict of interest. Also, the Foundation filed a motion, on behalf of the estate of Ms. Holloway, for leave to file a late claim against the bankruptcy estate.
 
 
 14
 In December 1992, the Foundation and the trustee agreed to settle all of the Foundation's claims against the bankruptcy estate. Pursuant to the settlement agreement, the Foundation was to pay $117,500 to the bankruptcy estate. In exchange, the bankruptcy estate was to waive any claim it had to the home place real estate under the second codicil of Ms. Holloway's will. The Foundation and the trustee were to stipulate that the second codicil of the will is null and void and that the bankruptcy court was to enter an order to this effect. In addition, the Foundation and the estate of Ms. Holloway agreed not to file any claims in Mr. Depoister's bankruptcy proceeding and the adversary proceeding was to be dismissed, with prejudice. With respect to the pending motions filed by the Foundation in the adversary proceeding, the Foundation was to withdraw its motion to disqualify Mr. Maher; the motion for leave to allow a late claim on behalf of the estate of Ms. Holloway was to be denied.
 
 
 15
 On January 29, 1993, the trustee filed a motion to approve the compromise between the bankruptcy estate and the Foundation. Mr. Depoister filed an objection to an approval of the compromise on February 17, 1993. A hearing on the motion to compromise was held by the bankruptcy court on February 23, 1993. When it was discovered that all of the creditors of the debtor's estate had not received notice, a second hearing was held on April 7, 1993.
 
 
 16
 In the course of these two hearings, the bankruptcy court received testimony from the trustee and arguments from counsel for the trustee, the Foundation, Mr. Depoister and various creditors. The bankruptcy court set forth its analysis of the dispute in a ten-page memorandum opinion issued on May 6, 1994. Over Mr. Depoister's objections, the bankruptcy court approved the settlement in an order dated May 7, 1993.
 
 
 17
 Mr. Depoister appealed to the district court raising two challenges to the bankruptcy court's approval of the compromise between the trustee and the Foundation. Specifically, he argued that: (1) the bankruptcy court failed to conduct an evidentiary hearing prior to approving the compromise in violation of Bankruptcy Rule 9019(a); and (2) the approval of the compromise lacked a sufficient factual basis. The Foundation maintained that the appeal should be dismissed because Mr. Depoister lacked standing to object to the bankruptcy court's order.
 
 
 18
 The district court rejected Mr. Depoister's contentions and affirmed the order of the bankruptcy court approving the compromise between the bankruptcy estate and the Foundation. The district court did not address the standing issue raised by the Foundation.
 
 
 19
 On appeal before this court, Mr. Depoister contests the bankruptcy court's order approving the compromise on the same grounds he advanced before the district court. In addition, the Foundation renews its argument that Mr. Depoister lacks standing. The parties waived oral argument, and their appeal was submitted to this court on the briefs alone.
 
 II. ANALYSIS
 A. Standing
 
 20
 The Foundation seeks dismissal of Mr. Depoister's appeal on the ground that he does not have standing to appeal the bankruptcy court's order approving the compromise of its claims against the bankruptcy estate. As this court has previously noted:
 
 
 21
 In order to appeal a bankruptcy court's order, a litigant must qualify as a "person aggrieved" by the order. In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir.1987). A "person aggrieved" by a bankruptcy order must demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights. See In re Fondiller, 707 F.2d 441, 442 (9th Cir.1983).
 
 
 22
 Matter of Andreuccetti, 975 F.2d 413, 416 (7th Cir.1992). In general, " '[o]nly those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.' " Matter of Andreuccetti, 975 F.2d at 416 (quoting Fondiller, 707 F.2d at 442).
 
 
 23
 Whether an appellant is a person aggrieved is ordinarily a question of fact for the district court. El San Juan, 809 F.2d at 154 n. 3 (citing In re E.C. Ernst, Inc., 2 B.R. 757, 760 (D.C.N.Y.1980)). However, in the instant case, the district court did not make this factual determination; we deem it appropriate to accept Mr. Depoister's calculations, as set forth in his schedule of assets and liabilities filed in connection with his bankruptcy proceeding, for the purpose of recognizing his standing to appeal the order of the bankruptcy court.
 
 B. Procedural Challenge
 
 24
 Under Bankruptcy Rule 9019(a), the bankruptcy court may approve a compromise or settlement "[o]n motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee...." In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable, Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968), and in the best interests of the bankruptcy estate, In re American Reserve Corp., 841 F.2d 159, 161 (7th Cir.1987). In making this determination, a bankruptcy judge is required to apprise himself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." TMT Trailer Ferry, Inc., 390 U.S. at 424, 88 S.Ct. at 1163; see also American Reserve Corp., 841 F.2d at 161. To this end, the bankruptcy judge should:
 
 
 25
 form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.
 
 
 26
 TMT Trailer Ferry, Inc., 390 U.S. at 424-25, 88 S.Ct. at 1163.
 
 
 27
 Mr. Depoister argues that the bankruptcy court was obligated under Rule 9019(a) to conduct a full evidentiary hearing prior to approving the compromise between the trustee and the Foundation. He maintains that the bankruptcy court's failure to hold a full evidentiary hearing, without more, requires reversal because it rendered the procedure employed by the bankruptcy judge in approving the settlement legally inadequate. Mr. Depoister also claims that without an evidentiary hearing, there is no record as to the facts the bankruptcy court considered in approving a settlement under Rule 9019(a).
 
 
 28
 It is clear that Rule 9019(a) itself does not expressly obligate the court to hold an evidentiary hearing prior to approving a compromise under Rule 9019(a). Moreover, Mr. Depoister fails to cite any case law imposing an evidentiary hearing condition for Rule 9019(a) approval. Instead, Mr. Depoister simply points to a single bankruptcy court decision in which the court did conduct an evidentiary hearing prior to approving a compromise under Rule 9019(a). In re Lion Capitol Group, 49 B.R. 163, 175 (Bankr.S.D.N.Y.1985). We deem this to be unimpressive support for his dubious proposition that Rule 9019(a) mandates an evidentiary hearing.
 
 
 29
 Mr. Depoister also points to a bankruptcy court decision which concluded that the court's role in approving a bankruptcy settlement is comparable to its role in approving a class action settlement. Matter of Carla Leather, Inc., 44 B.R. 457, 466 (Bankr.S.D.N.Y.1984). This case provides no assistance to Mr. Depoister because, in this circuit, there is no requirement that an evidentiary hearing be conducted as a precondition to approving a settlement in a class action suit. See Mars Steel Corp. v. Continental Illinois National Bank & Trust Company of Chicago, 834 F.2d 677, 684 (7th Cir.1987).
 
 
 30
 The cases cited by Mr. Depoister do not dictate that the hearing provided for under Rule 9019(a) must be an evidentiary one. In light of the unambiguous language of the Rule 9019(a) and the absence of any cogent case law to support Mr. Depoister's position, we believe that the bankruptcy court was not obligated to conduct an evidentiary hearing as a prerequisite to approving the compromise. Accordingly, the bankruptcy court's failure to conduct an evidentiary hearing, without more, is not reversible error.
 
 C. Insufficiency of the Evidence
 
 31
 Mr. Depoister argues that even if an evidentiary hearing was not required under Rule 9019(a), the bankruptcy court's approval of the compromise should be reversed because insufficient facts were presented to the bankruptcy court to warrant approval.
 
 
 32
 A bankruptcy court's decision to approve a settlement should not be overturned unless such ruling constitutes an abuse of discretion. American Reserve Corp., 841 F.2d at 162. The abuse of discretion standard recognizes that "because of the bankruptcy judge's unique position, second-guessing by appellate courts will do little to improve upon bankruptcy judges' decisions." American Reserve Corp., 841 F.2d at 162. However, this standard implies that the bankruptcy judge must actually exercise his discretion and not simply "rubber stamp" the trustee's proposal. American Reserve Corp., 841 F.2d at 162.
 
 
 33
 We do not believe that the factual basis underlying the bankruptcy court's approval of the compromise is deficient or renders the approval an abuse of discretion. Despite Mr. Depoister's assertion that there was an insufficient factual basis for the bankruptcy court's approval, he does not identify a single material fact which was overlooked by the bankruptcy court, nor does he recite any facts which contradict the findings made by the bankruptcy court. Indeed, Mr. Depoister does not challenge the accuracy of any of the factual findings made by the bankruptcy court.
 
 
 34
 In an effort to demonstrate that the record is deficient, Mr. Depoister argues that the bankruptcy court did not consider the $37,000 of rental income that the home place had generated in calculating the value of the home place. Contrary to that contention, the bankruptcy judge's memorandum opinion establishes that the judge explicitly recognized that the value of the home place may be higher than $320,000 due to the rental income.
 
 
 35
 We find that the record and the bankruptcy judge's memorandum opinion demonstrate that the bankruptcy judge amply apprised himself of all facts necessary to analyze effectively the factors to be considered in determining whether the compromise was in the best interests of the estate. The bankruptcy judge first reviewed the nature of the claims pressed by the Foundation and concluded that the monetary value of all of the claims was $561,500: $320,000 represented the fair market value of the home place real estate, $221,500 represented the alleged dissipation of assets before Ms. Holloway's death, and $20,000 represented the alleged post-death dissipation of assets. He then concluded that such claims constituted the bulk of the $891,500 in unsecured claims.
 
 
 36
 In considering the probability of success if these claims were litigated, the bankruptcy judge found that Mr. Depoister's removal as executor of the will by the state court weighed against his ultimate success on all of the Foundation's claims. He also found that success for the bankruptcy estate on the will contest to be "doubtful" and on the remaining claims to be "unlikely." Our review of the record establishes that the bankruptcy judge's familiarity with the individual claims advanced by the Foundation supports his conclusions as to the merits of each of the claims.
 
 
 37
 With respect to the complexity and likely duration of the litigation--the factor which the bankruptcy judge believed provided the "most compelling argument for approving the compromise"--the bankruptcy judge concluded that the compromise would preclude the Foundation from pressing its several legal theories and would withdraw all of its claims. As to this factor, the bankruptcy judge also expressed his concern that if the claims were not settled, litigation of the claims would "generate substantial legal fees" which would "deplete the assets" of the bankruptcy estate available for the payment of dividends to other creditors.
 
 
 38
 In considering the "mathematics of the compromise," the bankruptcy judge determined that the process of evaluating the possible effects of the compromise on the other creditors was, at best, "speculative." In addition, he concluded that Mr. Depoister--the only party objecting to the approval of the compromise--had no tangible financial interest in the outcome and had nothing to lose if the claims were litigated.
 
 
 39
 The bankruptcy judge also considered the likelihood that the trustee's resources would be expended without compensation if the claims were litigated unsuccessfully. The fact that the trustee, an experienced bankruptcy practitioner, approved the compromise was considered significant by the bankruptcy judge.
 
 
 40
 In view of the above, we find that the bankruptcy judge apprised himself of "all facts necessary to evaluate the settlement and make an 'informed and independent judgment' about the settlement." American Reserve Corp., 841 F.2d at 162 (quoting TMT Trailer Ferry, 390 U.S. at 424-434, 88 S.Ct. at 1163-1168). Moreover, there was an adequate factual basis upon which the bankruptcy judge could conclude that the settlement was in the best interests of the estate. We hold that the bankruptcy judge did not abuse his discretion in approving the proposed compromise between the bankruptcy estate and the Foundation.
 
 III. MOTION FOR SANCTIONS
 
 41
 The Foundation has filed a motion for an award of sanctions in the form of double costs and damages on appeal, including its reasonable attorney's fees incurred in defending the appeal pursuant to Rule 38, Federal Rules of Appellate Procedure and Circuit Rule 38. Circuit Rule 38 allows this court, "on its own motion or by motion of a party [to] impose sanctions on a party or attorney as otherwise authorized by law."
 
 
 42
 To award sanctions under Rule 38, Federal Rules of Appellate Procedure, we must conclude that (1) the appeal is frivolous, and (2) sanctions are appropriate. Bowman v. City of Franklin, 980 F.2d 1104, 1110 (7th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993) (citing A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 194, 121 L.Ed.2d 137 (1992)). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." Spiegel v. Continental Illinois National Bank, 790 F.2d 638, 650 (7th Cir.1986) (citing Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 184 (7th Cir.1985). In determining whether an award of sanctions is appropriate, " 'typically, courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy.' " Bowman, 980 F.2d at 1110 (quoting Reid v. United States, 715 F.2d 1148, 1155 (7th Cir.1983).
 
 
 43
 Although we have rejected most of Mr. Depoister's arguments, we conclude that his contentions were reasonable. Moreover, there is no evidence that his appeal was pursued in bad faith. For these reasons we deny the Foundation's motion for sanctions under Rule 38, Federal Rules of Appellate Procedure and Circuit Rule 38.
 
 IV. CONCLUSION
 
 44
 The judgment of the district court is affirmed. The motion of the Foundation for sanctions under Rule 38, Federal Rules of Civil Procedure, and Circuit Rule 38 is denied.
 
 
 
 *
 Honorable Myron L. Gordon, District Judge for the Eastern District of Wisconsin, is sitting by designation