In re AWF LIQUIDATION
CORPORATION,
Debtor.

Alan J. TREINISH, Trustee, Plaintiff,

v.

TOPCO ASSOCIATES, INC.,
et al., Defendant.

Bankruptcy No. 94–15131.

Adversary No. 96–1423.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 13, 1997.

Kenneth B. Baker, Gail E. Sindell, Kaufman & Cumberland Co. Cleveland, OH, for Plaintiff.

Alan R. Lepene, Daniel R. Warren, Dena M. Kobasic, Thompson, Hine & Flory, Cleveland, OH, Richard B. Herzog, Jr., Nelson, Mullins, Riley & Scarborough, Atlanta, GA, for Defendant.

Ronald P. Peterson, Catherine Steege, Jenner & Block, Chicago, IL.

Alan J. Treinish, Cleveland, OH.

## *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came on for hearing upon the Motion of Alan J. Treinish (the Trustee) to

compromise a certain controversy. Pursuant to Rule 2002, notice of the hearing was duly made.

On December 6, 1994, an involuntary petition for relief under Chapter 7 of the Bankruptcy Code [11 U.S.C. § 701, *et seq.*] was filed against AWF Liquidation Corp., a.k.a. A & W Foods, Inc. (the Debtor). Relief was granted respecting the involuntary petition, and the Trustee was duly appointed. Subsequently, the Trustee filed the present adversary proceeding against TOPCO Associates, Inc. (TOPCO) and Frosty Acres, a.k.a. F.A.B., Inc. (Frosty Acres) alleging, *inter alia*, a preferential transfer, breach of contract, and fraudulent transfer. Responsive pleadings were filed timely by both parties defendant challenging each of the several complaint allegations, while asserting their respective affirmative claims.

Among the several allegations, the Trustee's case was primarily focused on two payments: (1) a payment made by the Debtor in the amount of $250,000.00 made on October 20, 1994 and (2) a transfer of funds for Frosty Acres to TOPCO of $560,593.39. During the discovery process, a new value set-off of approximately $154,025.13 was demonstrated to the Trustee's satisfaction respecting the $250,000.00 transfer made by the Debtor. Regarding the $560,000.00 transfer from Frosty Acres to TOPCO, the Trustee's investigation revealed to his satisfaction that those funds were held by Frosty Acres on behalf of the Debtor in the form of rebates. It was further determined by the Trustee that such rebates were normally paid to a cooperative member such as the Debtor at the end of the year or could be retained by the cooperative as security for a member's line of credit. Following a series of negotiations between these parties, while assessing the relative strengths and weaknesses of their respective litigative postures, TOPCO and Frosty Acres offered to settle the lawsuit for $425,000.00. Upon consideration of the offer including the relative strength and weaknesses of his litigative posture, the Trustee asserts that the offer is fair, equitable and is in the best interest of the Debtor's estate. Consequently, the subject Motion to Compromise was filed.

■ Of numerous factors to be considered by the Court in resolving this matter, the principal factor is whether the proposed compromise, if approved, is in the best interest of the Debtor's bankruptcy estate. As noted above, no abbreviated notice of the hearing on the motion was requested or ordered. Each claimant of the estate was duly noticed, and no objection was filed by any of the claimants. Clearly, it is the estate's claimants, particularly the unsecured claimants, who are reposed with the greatest economic risk if the proposed compromise is not in the best interest of the Debtor's estate. Yet, herein, armed with apparent knowledge of such risk, each of the Debtor's claimants has consented to approval of the proposed compromise by reason of their lack of objection.

■ The objectant Glenn C. Pollack a noncreditor of the estate, contends the compromise is not in the best interest of the Debtor's estate. As the objecting party, Pollack must support his objection by a preponderance of the evidence standard in order to be sustained. Rule 9019, Bankr.R., provides that the bankruptcy court may approve a compromise or settlement upon motion of the trustee and after notice and a hearing. Rule 9019 further provides that notice shall be given to creditors, the U.S. Trustee, the debtor and to any indenture trustees as provided under Rule 2002, in addition to any other entity the Court may direct. *In re The Leslie Fay Cos., Inc.,* 168 B.R. 294 (Bankr. S.D.N.Y.1994). As presented, the motion fully comports with the procedural requirements of Rule 9019, Bankr.R..

■ A bankruptcy court may approve a compromise or settlement after a hearing to determine what is fair and equitable and in the best interests of the bankruptcy estate after considering the terms of the compromise compared with the probable complexity, expense, duration and outcome of litigation. *Depoister v. Mary M. Holloway Foundation,* 36 F.3d 582 (7th Cir.1994). Where an agreement provides tangible benefits to the estate in return for sacrifice of uncertain claims against its secured creditor, a bankruptcy

court does not err in approving the settlement. *In re Bond,* 16 F.3d 408 (4th Cir. 1994). Furthermore, a right to prior notification of a hearing regarding settlement of a bankruptcy claim does not, in itself, confer the status of a "party in interest" on a debtor or some individual creditor who is not part of the settlement. *In re Thompson,* 965 F.2d 1136 (1st Cir.1992).

From the U.S. Supreme Court's decision in *TMT Trailer Ferry, Inc. v. C. Gordon Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), it is incumbent upon this Court to provide an educated estimate regarding the complexity, expense, likely duration of litigation, possible difficulties in collecting, and any other factors which are relevant to a full and fair assessment of the propriety of the proposed compromise. *See, also, Drexel Burnham Lambert, Inc. v. Flight Trans. Corp.,* 730 F.2d 1128 (8th Cir. 1984).

Among the enumerated duties of a case trustee is the duty to:

> § 704 (1) collect and reduce to money the property of the estate for which such trustee serves, *and close such estate as expeditiously as is compatible with the best interests of parties in interest,* [11 U.S.C. § 704(1) ] (Emphasis added.)

█ In order to effectuate this particular duty, the trustee serves as a fiduciary for those who hold a stake in the debtor's bankruptcy estate and, as such, is mandated to conduct his or her administration in their best interest.

Due regard has been accorded the aforementioned factors which the Court must consider in determining whether or not to approve a proposed compromise. Although the Complaint seeks recoveries and damages totaling $6,926,911.77 on the fraudulent transfer, preference, turnover, and breach of contract counts, the proposed compromise would settle all of the counts for $425,000.00. In considering the propriety of the offer, the Trustee acknowledged what were apparently strong affirmative defenses asserted by TOPCO and Frosty Acres regarding the preference, turnover and fraudulent transfer counts. Specifically, he noted and considered certain statutory exceptions to an avoidable

preferential transfer which were asserted under 11 U.S.C. § 547(c)(1), (2), (3) and (4), as well as an asserted basis for nonrecovery under 11 U.S.C. § 550(b). Other asserted affirmative defenses included, the Statute of Frauds, release, mutual mistake, set-off, accord and satisfaction, *inter alia,* which caused the Trustee to reduce his focus to a single $250,000.00 alleged preferential transfer which was later reduced to $70,000.00 upon examination of documents provided. The other focus narrowed to the $560,593.39 of rebate funds transferred by Frosty Acres to TOPCO. With regard to the latter transfer and in view of Frosty Acres' assertion of a valid lien on those funds and the Trustee's apparent further recognition that such funds could be retained by the cooperative as security for a member's line of credit, the subject offer was accepted subject to Court approval. In view of these and other stated considerations, the Court is persuaded that due consideration has been given to the complexities of litigating these matters at trial. The Trustee in this proceeding has substantial experience in these matters, and his analysis in this regard is sound.

With regard to the breach of contract Complaint count, a breach of contract is alleged against TOPCO for changing the terms of the line of credit to the Debtor's detriment. Reportedly, the source of that information which led to the allegation is the objectant, Glenn C. Pollack. It was later determined by the Trustee that the information provided by Pollack was inconsistent with the information provided by TOPCO and Frosty Acres. Considering that factor, among other known litigative risks based on additional research conducted by the Trustee which demonstrated that his allegations were "extremely tenuous as to its merits," (See, Motion to Compromise and Response to Opposition.) this also prompted an alternative resolution of the matter as opposed to a trial proceeding.

Although the Trustee did not obtain financial balance sheets from the Defendants herein, he concluded that their collectability on a court entered judgment would be speculative by virtue of their being cooperative

entities. A Hoover Report provided by Pollack shows that TOPCO is the fifth largest supplier of groceries in the United States and is one of the largest food co-ops in the country. In addition to groceries, it distributes pharmaceuticals, flowers and other products to more than 3,000 supermarkets representing more than (40) chains. Reportedly, the total retail size of its combined companies totals more than $50 billion. Actual gross revenues for TOPCO were reported in the amount of $3.9 billion.[1] Notwithstanding this rather impressive profile, of TOPCO, the litigative risks considered by the Trustee were properly assessed independently, regardless of TOPCO's apparent ability to pay potential damages. Similar profile data was not provided on Frosty Acres; however, perceived litigative risks were properly assessed independently from its capacity to pay potential damages. Surely, had the Trustee considered the litigative risks to be of lesser concern, he would have pursued a trial proceeding rather than compromise since the Trustee's compensation is computed as a percentage of the Debtor's gross estate. Simply stated, experienced Trustees do not habitually ignore funds which could enhance their own compensation.

■ Clearly, the proposed settlement is in the best interest of the Debtor's estate for the following reasons: (1) each claimant of the Debtor's estate was notified and none objected; (2) the Office of the United States Trustee filed no objection or comment; (3) the unsecured claimants, who share the highest economic risk, filed no objections; (4) in addition to providing notice to each claimant of the proposed compromise, the Trustee's counsel discussed the proposal with counsel who represent more than ten percent (10%) in number and amount of the estate's claimants. Pollack, as an equity holder only, is not a creditor of the Debtor's estate and, as such, would receive a dividend only if all of the claimants received a 100% dividend pursuant to the absolute priority rule.

Litigation of the proceeding, as opposed to a compromise, involves an extensive discovery process in more than one state. Both federal and state law provisions are in play, in addition to numerous depositions being needed to fully assess the validity of the asserted affirmative defenses. In brief, the subject litigation is appropriately characterized as being complex. Consequently, pursuing a litigative resolution of the matter would only serve to delay any meaningful dividend which the unsecureds would receive. As stated above, the Debtor is an involuntary debtor whose petition was filed December 6, 1994. More than sufficient time has lapsed since the petition filing to fully administer the estate and pay any available distribution to claimants. In view of the particulars herein, the further pursuit of a litigative posture is unwarranted and would only tend to unduly delay any distribution to claimants. As stated in *Bond, supra,* where an agreement provides tangible benefits to the estate in return for sacrifice of uncertain claims, the Court does not err in approving the settlement.

### *Conclusion*

Accordingly, in view of the assessment factors considered herein, the Motion for Authority to Compromise is hereby granted, and the Objection to Settlement is hereby overruled. Each party is to bear its respective costs.

IT IS SO ORDERED.

---

1. Hoover's Company Profile Data base—American Private Enterprises, 1997 Report on TOPCO

Associates, Inc..