In re **VICTORIA ALLOYS, INC.,**
**Debtor–In–Possession.**

No. 00–18761.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 11, 2001.

Richard D. Rose, Buchanan Ingersoll, Professional Corporation, Pittsburgh, PA, Special Corporate Counsel for Debtor.

James P. Carulas, CPA, Vice President, Meaden & Moore, Ltd., Cleveland, OH, Accountant and Financial Consultant for Debtor.

Jean R. Robertson, Hahn Loeser & Parks LLP, Cleveland, OH, for Debtor.

Amy Good, Cleveland, OH, Office of the United States Trustee.

G. Christopher Meyer, Christine Murphy Pierpont, Squire Sanders & Dempsey, Cleveland, OH, for Committee of Unsecured Creditors.

Marc B. Merklin, Brouse McDowell, Akron, OH, for FirstMerit Bank, N.A.

Shawn M. Riley, Anthony J. DeGirolamo, McDonald Hopkins Burke & Haber Co., LPA, Cleveland, OH, Local Counsel for Glencore Ltd.

Timothy J. Curtin, Varnum, Riddering, Schmidt & Howlett LLP, Grand Rapids, MI, for Syncret Curacao N.V.

Diana M. Thimmig, Arter & Hadden, Cleveland, OH, Local Counsel for Tinfos Jemverk A/S.

Joseph L. Matz, Kamensky & Rubinstein, Lincolnwood, IL, for Allied Metal Company.

George M. Cheever, Kirkpatrick & Lockhart LLP, Pittsburgh, PA, for S.H. Bell Company.

Cynthia A. Jeffrey, Javitch Block Eisen & Rathbone, Cleveland, OH, for GMAC.

Becket & Lee LLP, Malvern, PA, for American Express Travel Related Services Co.

John P. Dillman, Linebarger, Heard, Goggan, Blair, Graham, Pena & Sampson, Houston, TX, for State of Texas Taxing Authority.

Steven J. Reisman, Turner P. Smith, Curtis, Mallet–Prevost, Colt & Mosle LLP, New York City, for Glencore Ltd.

Henry C. Shelton, III, Armstrong Allen, PLLC, Memphis, TN, for Arrow Terminals, Inc.

John Kissane, Alfred E. Yudes, Jr., Watson, Farley & Williams, New York City, for Tinfos Jemverk A/S.

Alan M. Koschik, Brouse McDowell, Cleveland, OH, for FirstMerit Bank, N.A.

W. Miesel, c/o Michael Frey, GMAC, N. Olmsted, OH, Representative for GMAC.

G. Cilibraise, General Motors Acceptance Corporation, Troy, MI, Representative for GMAC.

Donna F. Talani, Law Department, Norfolk Southern, Norfolk, VA, Representative for Norfolk Southern.

### *ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Motion for Approval of Compromise and Settlement with Glencore, Ltd. and FirstMerit Bank, N.A. ("Motion"), filed by the Debtor in Possession, Victoria Alloys, Inc. ("Debtor"). The Official Committee of Unsecured Creditors ("Committee") filed an Opposition to the Motion.

This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and General Order Number 84 of this District. After a duly noticed hearing, at which all relevant parties in interest appeared, the Court finds as follows.

The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 16, 2000. All parties agree that the only secured credi-

tors of the Debtor are FirstMerit Bank, N.A. ("FirstMerit") and Glencore, Ltd. ("Glencore"). The parties further agree that FirstMerit has a fully secured claim, in the principal amount of $1.32 million, and that Glencore has an undersecured claim in the principal amount of $4.2 million.

Prepetition, an ongoing dispute ensued among the parties with regard to the cash collateral of the Debtor. On the petition date, the Debtor filed an Emergency Motion for Authority to Use Cash Collateral and Providing Adequate Protection. At a preliminary hearing on that matter, the Court entered an Interim Order that authorized the Debtor's use of cash collateral, and scheduled a Final Hearing for December 4, 2000. Since the entry of the Interim Order, the parties have entered a number of stipulated orders, which extended the terms of the Interim Order. Throughout this period, Glencore has opposed the Debtor's use of cash collateral, arguing that it is not entitled to use such collateral absent some replacement lien, subrogation, or marshaling the assets. The Debtor opposed the employment of marshaling, and argued in favor of reverse marshaling to block Glencore's efforts.

The Court set a hearing on the marshaling issues for January 16, 2001, and the parties briefed the issue extensively. However, in light of the uncertainty of the marshaling, and the anticipated expenses of litigating the matter, the Debtor, Glencore, and FirstMerit entered into an agreement to compromise and settle the disputes among them, subject to the Court's approval.

In support of its Motion, the Debtor asserts that the best interests of the creditors and the estate are served by entering into the proposed settlement, and avoiding a potentially lengthy and complex litigation. In opposition, the Committee argues that the settlement is not in the best interests of the creditors of the estate, and that the settlement agreement is a *sub rosa* plan of reorganization, thereby subverting the purposes of Chapter 11.

■ The standards to be applied in determining whether to approve a settlement stem from *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), which stated that the court must "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Id.*, at 424, 88 S.Ct. 1157.

■ Most courts have interpreted *TMT* to require that a proposed settlement is, first and foremost, fair and equitable, and in the best interests of the estate. *See, e.g., Treinish, Trustee v. Topco Assoc., Inc. (In re AWF Liquidation Corp.)*, 208 B.R. 399 (Bankr.N.D.Ohio 1997). Secondary to those two elements are inquiries as to the probability of litigation success; potential difficulties in collection; complexity of the litigation; and the interests of the creditors. The proponent of the compromise bears the burden of persuasion. *See, e.g., In re Goldstein*, 131 B.R. 367, 369 (Bankr.S.D.Ohio 1991).

■ The Court finds no support for the Committee's argument that the proposed settlement agreement is not in the best interests of creditors. As noted above, it is undisputed that FirstMerit is fully secured in the amount of $1.32 million, and Glencore has an undersecured claim in the amount of $4.2 million. In addition, it is agreed that various warehousemen hold a priority claim in the aggregate amount of $866,000. Against those liabilities, the

Debtor holds assets of accounts receivable, with a collection value of one million dollars; and inventory, valued at approximately $2.5 million. The Committee does not contest any of the above values.

The Committee argues that the proposed settlement does not offer the unsecured creditors a dividend. In light of the values discussed, and the respective secured positions of FirstMerit and Glencore, it is clear that the general unsecured creditors stand to receive no dividend, regardless of whether the compromise is approved.

Counsel for the Committee acknowledges that the greatest prospect for a distribution to the general unsecured creditors is through litigation of certain, unspecified avoidance actions. As of today, however, no such actions have been filed, or even quantified. As such, neither the Debtor nor the Committee is able to represent a potential dollar amount of recovery by the estate if successfully litigated.

The Committee further argues that the proposed settlement agreement amounts to a *sub rosa* plan. That argument is based primarily upon the case of *Pension Benefit Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 700 F.2d 935 (5th Cir.1983). In *Braniff,* the Fifth Circuit disallowed a proposed settlement agreement, because it sought to distribute all of the debtor's assets, to restructure debt, and to release certain claims. The *Braniff* court found the settlement deficient for three reasons: (i) it effectively dictated the terms of any future reorganization; (ii) it required secured creditors to vote in favor of any future Plan; and (iii) it provided for the release of all claims against the debtor, its officers, and directors. *Id.,* at 940.

The Court finds no similarity between the *sub rosa* plan in *Braniff* and the proposed compromise at issue here. The in-

stant settlement contains no mandate of terms or votes in any future plan, and provides for no release of claims against the Debtor. Therefore, the Committee's argument that the compromise amounts to a *sub rosa* plan is not well found. With the Debtor's scheduled liabilities totaling $10 million, and Glencore's security interest concededly being undersecured in the amount of $4.2 million, there is only a remote possibility that unsecured creditors would receive any dividend from the Debtor's estate. Not only is the proposal not a *sub rosa* plan, it actually is the Debtor's only apparent chance of restructuring its debt to sustain operations. This effort clearly is shouldered at both the expense and risk of an undersecured Glencore. No other party has submitted any competing offer that would allow the Court to consider any alternate strategy for reorganizing the Debtor.

The remote chance of the unsecured creditors receiving any distribution from the Debtor's estate hinges on the successful prosecution of any avoidance actions which are yet to be determined and filed. The Committee's counsel acknowledged this fact, however, no assessment of a potential recovery or such action has been made by the parties in interest. As the objecting Committee is reposed with the burden of proof to substantiate this particular assertion, none was shown.

Each of the Supreme Court's standards enunciated in *TMT Trailer* has been duly considered and applied to the Court's assessment of the propriety of the proposed compromise. No bad faith effort is evinced. The compromise and settlement is in the best interest of the Debtor's estate; is fair and equitable; and is also an appropriate exercise of the Debtor–in–Possession's business judgment.

Accordingly, the Motion is hereby granted, and the objection is overruled.

**IT IS SO ORDERED.**